BLUNT ELLIS & LOEWI, INC., John Fromm, and Peter Pfeffer, Petitioners,

v.

Ronald P. HLAVINKA and Jimmie G. Davison, Respondents.

Civ. A. No. 89–C–432.

United States District Court, E.D. Wisconsin.

May 18, 1989.

---

Thomas P. Ward, McBride, Baker & Coles, Chicago, Ill., for petitioners.

Jimmie G. Davison, Milwaukee, Wis., for respondents.

## ORDER

TERENCE T. EVANS, District Judge.

Blunt Ellis & Loewi, Inc., John Fromm, and Peter Pfeffer have filed this lawsuit seeking an injunction against Ronald P. Hlavinka and Jimmie G. Davison. Blunt Ellis is a registered futures commission merchant in Milwaukee. Fromm and Pfeffer are employees of Blunt Ellis. Mr. Hlavinka was a customer of Blunt Ellis who lost his shirt—to the tune of some $35,000—when the silver futures market fell precipitously during a one-week period starting near the end of February, 1983. Mr. Davison has acted as Mr. Hlavinka's lawyer during prior legal proceedings which sought compensation for the losses Hlavinka sustained.

Blunt Ellis, Fromm, and Pfeffer seek to enjoin Hlavinka and Davison from pursuing any claim set forth in a recently filed complaint in a Milwaukee County circuit court case. The petitioners also seek an order directed to the circuit court of Milwaukee County that will, in effect, stay any proceedings in that court that relate to the complaint. The state court case, number 89–CV–02529, is assigned to Milwaukee County circuit court judge Victor Manian. A hearing was held before me on the request for injunctive relief on May 3, 1989.

The petitioners rest their request for injunctive relief and a stay of the state court proceedings on a claim of *res judicata.* In a nutshell, the dispute here concerns losses sustained by Mr. Hlavinka while dealing in silver futures transactions between February 22 and the first few days of March of 1983. After the losses were incurred, Mr. Hlavinka filed a claim against the petitioners with the Commodity Futures Trading Commission. Mr. Hlavinka's claims were heard by an administrative law judge who ultimately found in favor of the petitioners. The Commodity Futures Trading Commission affirmed the decision of the administrative law judge following an administrative appeal, and the United States Court of Appeals for the Seventh Circuit ultimately affirmed that finding when Mr. Hlavinka sought review in that forum. *Hlavinka v. CFTC,* 867 F.2d 1029 (7th Cir.1989).

Arguing that Hlavinka's state court complaint—where he has sued the petitioners for breach of contract—arises from the same core of operative facts as did the complaint that he filed with the Commodity Futures Trading Commission, the petitioners seek an order prohibiting the prosecution of the complaint in state court.

The Commodity Exchange Act (CEA), 7 U.S.C. § 1 *et seq.,* broadly prohibits fraudulent and manipulative conduct in connection with commodity futures transactions. In 1974, Congress overhauled the act in order to institute a more "comprehensive regulatory structure to oversee the volatile and esoteric futures trading complex." H.R. Rep. No. 93–975 at 1 (1974). See Pub.L. No. 93–463, 88 Stat. 1389. Congress also determined that the broad regulatory powers of the CEA were most appropriately vested in an agency which would be relatively immune from the "political winds that sweep Washington." H.R.Rep. No. 93–975 at 44, 70. It therefore created an independent agency, the Commodity Futures Trading Commission (CFTC), and entrusted to it sweeping authority to implement the CEA.

Among the duties assigned to the CFTC was the administration of a reparations procedure through which customers—particularly disgruntled ones like Mr. Hlavinka—of registered commodity brokers could seek redress for the brokers' violations of the act or CFTC regulations. The CEA provides that any person injured by such violations may apply to the commission for an order directing the offender to pay reparations to the complainant. An award of damages against the broker is enforceable in federal district court. Congress intended this administrative procedure to be an

"inexpensive and expeditious" alternative to existing forums available to aggrieved customers, namely, the courts and arbitration. S.Rep. No. 95–850 at 11 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin. News 2087, 2099. *See also* 41 Fed.Reg. 3994 (1976) (accompanying CFTC regulations promulgated pursuant to § 14).

The issue presented is whether a customer—like Hlavinka here—can choose a forum—like the CFTC's reparations procedures—lose there, and then press a state law cause of action in state court growing essentially out of the same set of facts. Although it seems like a terribly inefficient way to run a railroad, I reluctantly conclude that he can. That is not to say, however, that the judge in state court might not find some sort of estoppel here or might not conclude that the CFTC's findings entitle the petitioner to summary judgment on the state law claims. These are matters best left to Judge Manian.

I reach my conclusion here, as I said, reluctantly. I say reluctantly because in conformance with the congressional goal of promoting efficient dispute resolution, the CFTC promulgated a regulation in 1976 which allows it to adjudicate counterclaims arising out of the transaction or occurrence or series of transactions or occurrences set forth in the complaint. Unfortunately, the CFTC does not require that *all* claims and *all* theories of recovery that a customer has against a broker—particularly those based on state law—be included in a reparations complaint. And it is doubtful whether all could be. The CFTC seems more concerned with violations of its rules, fraudulent conduct on the behalf of brokers, and the like. Mere negligence, or simple breach of contract claims, may not even be covered by the CEA. For as the court of appeals noted, Hlavinka's reparations case bit the dust partly because "for commodities fraud, negligence is not enough." 867 F.2d 1029 at 1033.

Counterclaims by brokers—permitted by the 1976 regulation—are permissive. They leave a broker free, if she wishes, to seek relief against a reparations complainant in other forums. *Commodity Futures Trad-*

*ing Comm'n v. Schor,* 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986). The fact that the procedure is permissive, I think, saves it from violating *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), in which the United States Supreme Court held that Congress may not vest in a non-Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law without the consent of the litigants.

In this case, Mr. Hlavinka had a right to pursue traditional state law claims—for things like negligence and breach of contract—against the petitioners. Among other things, he had a potential right to have a jury hear his grievances. Absent some clearer authority that Congress wanted (or that the Constitution would permit) the CEA to preempt all state law claims and transfer them to non-Article III administrative judges in CFTC hearings, I conclude that the petitioners' request for an injunction and stay must be DENIED.

The issue here is close. Merit abounds on both sides. Accordingly, both sides' motions for rule 11 sanctions based on frivolity are also DENIED.

SO ORDERED.