BLUNT, ELLIS & LOEWI, INC., John Fromm and Peter Pfeffer, Petitioners–Appellants,

v.

Ronald P. HLAVINKA and Jimmie G. Davison, Respondents–Appellees.

No. 89–2265.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 9, 1990.

Decided Feb. 16, 1990.

Thomas P. Ward (argued), McBride, Baker & Coles, Chicago, Ill., for petitioners-appellants.

Jimmie G. Davison, William W. Binder (argued), Milwaukee, Wis., for respondents-appellees,

Kirk T. Manhardt, Jay L. Witkin, Joanne T. Medero, James T. Kelly, Washington, D.C., for amicus curiae Commodity Futures Trading Com'n.

Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and WILL, Senior District Judge.[*]

CUMMINGS, Circuit Judge.

In December 1983, respondent Ronald Hlavinka initiated a reparations action before the Commodity Futures Trading Commission under Section 14 of the Commodity Exchange Act ("CEA") (codified at 7 U.S.C. § 18) against petitioners Blunt, Ellis & Loewi, Inc. and its employees, John Fromm and Peter Pfeffer, complaining that he had lost $27,500[1] in trading silver futures contracts. Hlavinka claimed that this corporate registered futures commission merchant and its employees had given him false information in violation of the antifraud provision of the CEA (7 U.S.C. § 6b). An administrative law judge ("ALJ") concluded that Hlavinka was not damaged by the violation of this statutory provision or by violation of a Commission regulation. CCH Comm.Fut.L.R. ¶ 23,324 (1986). The Commission summarily affirmed the ALJ's dismissal of the complaint[2] and we affirmed the Commission's order. *Hlavinka v. Commodity Futures Trading Commission*, 867 F.2d 1029 (7th Cir.1989). About a fortnight thereafter, Hlavinka filed a complaint in the Circuit Court of Milwaukee County, Wisconsin, against the same firm and licensed stockbrokers. The complaint alleged that in August 1982 Hlavinka en-

---

[*] The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation.

**1.** The damages claimed increased to approximately $35,500.

**2.** Reported in CCH Comm.Fut.L.R. ¶ 23,906 (1987).

tered into a contract with the defendant firm for services and advice in trading on the Commodity Futures Exchange. The complaint was based upon breach of contract and negligence and sought $35,000 compensatory damages and $100,000 punitive damages.

Three months thereafter, the defendants in the state court action filed a federal lawsuit against Hlavinka and Jimmie Davison, his attorney, seeking an injunction and stay with respect to processing the state court complaint. The federal plaintiffs rested their request on a claim of res judicata on the ground that the same core of operative facts was involved in the state court suit as in the complaint processed by the Commission. The district judge denied any relief on the ground that breach of contract and negligence claims were not within the jurisdiction of the Commission. Consequently, he held that the CEA does not preempt all state law claims 711 F.Supp. 950. We affirm.

It is noteworthy that the Commission has filed an amicus brief asserting that it does not have jurisdiction over claims which do not violate any provision of the CEA or Commission rule, regulation or order thereunder. Therefore the Commission itself maintains it had no jurisdiction over any claims of Hlavinka based upon violations of state law such as the breach of contract and negligence claims involved in his complaint now pending in the Milwaukee County Circuit Court.

This case is governed by the Anti–Injunction Act (28 U.S.C. § 2283), which provides as follows:

### § 2283. Stay of State court proceedings

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Petitioners have not shown that the Commission had any jurisdiction over negligence or breach of contract tort claims such as contained in the Wisconsin suit brought by Hlavinka. Consequently, its dismissal of Hlavinka's administrative complaint is not res judicata as to the breach of contract and negligence claims he has brought in state court. Accordingly, the broad injunction sought by petitioners is not permissible under 28 U.S.C. § 2283.

While we agree with the district court that Hlavinka is entitled to pursue his breach of contract and negligence claims in state court, Hlavinka may not rely upon fraud in that forum because that matter was fully litigated before the Commission and before this Court. The Supreme Court has recognized that the exceptions to the Anti–Injunction Act are narrow and not to be enlarged by loose statutory construction. *Chick Kam Choo v. Exxon,* 486 U.S. 140, 147, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127. However, to protect petitioners from again defending the question decided by the Commission, on remand they are entitled to an injunction restraining Hlavinka and his counsel from relitigating the question of fraud. This will effectuate our judgment in the 1988 appeal and therefore is within the express exception to the Anti–Injunction Act that permits an injunction to effectuate a federal judgment.

Because Hlavinka is not barred from pursuing his state court remedy, the petitioners' request for sanctions plus costs and attorney's fees is of course meritless.

Affirmed in part; remanded in part.