**FARMERS CO–OPERATIVE ELEVATOR, WODEN, IOWA, Plaintiff,**

v.

**Laurence DODEN, Defendant.**

**No. C 96–3144–MWB.**

United States District Court, N.D. Iowa, Central Division.

Oct. 29, 1996.

David J. Siegrist of the David J. Siegrist Law Firm, Britt, IA, for plaintiff.

Nicholas P. Iavarone of Bellows and Bellows, Chicago, IL, Scott G. Buchanan of Buchanan, Bibler, Buchanan, Handsaker & Gabor, Algona, IA, and Richard H. Moeller of Berenstein, Moore, Moser, Berenstein & Heffernan, Sioux City, IA, for defendant.

## MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO REMAND

BENNETT, District Judge.

## TABLE OF CONTENTS

I. INTRODUCTION ................................................... 722
II. BACKGROUND ................................................... 723
III. LEGAL ANALYSIS .............................................. 724
 A. Removal Jurisdiction ...................................... 724
 1. Statutory framework for removal and remand ............. 725
 2. Burden of proof ....................................... 726
 3. The "well-pleaded complaint" rule ..................... 727
 a. The face of the complaint ......................... 727
 b. Claims versus defenses ............................ 727
 c. Claims "arising under" federal law ................ 728
 B. Are The Claims Removable? ................................ 729
 1. Doden's federal issue ................................. 729
 2. "Artful pleading" ..................................... 730
 3. Claims "arising under" federal law .................... 732
IV. CONCLUSION .................................................. 734

Xerxes, King of Persia, no doubt thought little, at first, of the mere three hundred Spartans who opposed his huge army at Thermopylae, barring the way to his invasion of Greece in about 480 B.C. However, as tenaciously as those few Spartans fought to bar Xerxes's passage through the "hot gates" into Greece, so the plaintiff here fights to bar defendant's passage through the gates into federal court. In so doing, the plaintiff may also bar the gates to federal court to a veritable army of other lawsuits removed to this federal court involving so-called "hedge-to-arrive" contracts (HTAs) entered into between grain elevators and farmers. The Spartans were successful in their stand, and the Persian conquest of Greece was turned back for a time.[1] This court must decide how successful plaintiff's stand is here. That determination depends upon whether plaintiff's common-law contract claims, however pleaded, actually "arise under" the Commodity Exchange Act (CEA), 7 U.S.C. §§ 1-25, such that this federal court may exercise jurisdiction on the basis of federal questions in the removed action.

---

1. For the story of the Spartans' stand at Thermopylae and its effect upon the course of the Persian Wars, *see, e.g.,* N.G.L. HAMMOND, A HISTORY OF GREECE TO 322 B.C. 230-37 (2d ed. 1967); J.T. HOOKER, THE ANCIENT SPARTANS 163-67 (1980).

## I. INTRODUCTION

Plaintiff Farmers Co-operative Elevator, Woden, Iowa (Farmers Co-op), filed a petition in this matter in the Iowa District Court for Winnebago County on September 17, 1996, asserting claims arising from breach of several contracts against defendant Laurence Doden. Specifically, Farmers Co-op alleges that Doden has breached contracts under which Doden was to sell his corn and soybeans to Farmers Co-op. Division I of the petition alleges that Doden has repudiated these contracts. This division seeks specific performance of contracts to deliver Doden's corn and soybeans to Farmers Co-op for 1996 and subsequent years up to the total of the contracts, that is, 450,000 bushels of corn and 40,000 bushels of soybeans, to account for any corn or soybeans delivered to a third party, and to pay over the proceeds from such grain. This division also seeks a temporary restraining order during the pendency of the proceedings enjoining Doden from violating the terms of his contracts with Farmers Co-op. Division II of the petition seeks damages in excess of $1 million allegedly suffered by Farmers Co-op as losses on hedge contracts resulting from Doden's repudiation of the grain sales contracts.

On September 17, 1996, a judge of Iowa's Second Judicial District set a hearing on Farmers Co-op's request for a temporary restraining order for October 4, 1996. However, on October 2, 1996, prior to answering the petition, Doden removed this action to federal court, asserting that Farmers Co-op's petition involved a civil action for damages from breach of a federally regulated commodity futures transaction. Consequently, Doden asserted that this is a matter over which this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and the Commodity Exchange Act, 7 U.S.C. § 24, making removal proper under 28 U.S.C. § 1441(b). On October 9, 1996, Farmers Co-op filed a motion to remand and for expedited relief. On October 9, 1996, the court ordered Doden to provide the court with an expedited response to the motion to remand by facsimile on or before October 15, 1996.[2] The court stated that it would "take such actions after receiving the response as it deems appropriate to a just and expeditious disposition of the motion to remand." Order of October 9, 1996. Doden's response was filed on October 15, 1996, and somewhat earlier, on October 11, 1996, Doden answered Farmers Co-op's original petition. Farmers Co-op filed a reply brief in support of remand on October 21, 1996.

In support of the motion to remand presently before the court, Farmers Co-op argues that removal is improper, because its petition does not seek federal relief or otherwise present a federal question. Instead, Farmers Co-op asserts that, from the face of the complaint, it is obvious that the only claims are state-law claims for specific performance of contracts, damages for breach of contracts, and injunctive relief. Farmers Co-op points out that its claims are not based on the CEA or any other federal law. Farmers Co-op contends that any federal issues are raised by Doden's counterclaims or defenses, not by Farmers Co-op's state-law contract claims, and such federal issues raised in counterclaims or defenses cannot support jurisdiction on removal. Consequently, Farmers Co-op asserts that this court should remand this case, in expedited fashion, without further hearing, and that Farmers Co-op should be awarded its costs and reasonable attorneys fees for seeking the remand.

Doden does not agree remand is appropriate. Rather, Doden asserts that Farmers Co-op's claims present a case of "artful pleading" to avoid an obvious federal question upon which this court's jurisdiction may be based. Although Doden does not contend that the CEA has preempted all aspects of commodity regulation, he asserts that the cases are "legion" permitting customers to sue commodity firms for violations of state statutes and for common-law torts that also give rise to violations of the CEA. Furthermore, Doden contends that the CEA preempts the definition of what constitutes a commodity or a contract for future delivery, citing 7 U.S.C. § 1a(3) (defining "commodity") & (11) (defining "future delivery"), requires that all contracts for future delivery be traded on the contract market, citing 7 U.S.C. § 6(a) (restrictions on futures trading

2. The court directed that Doden's response thereafter be properly filed with the Clerk of Court.

in contract markets), and that off-exchange futures contracts and trade options are illegal, citing 7 U.S.C. § 6c(b) (prohibiting specified off-exchange transactions). Doden contends that the precise issue raised by the face of Farmers Co-op's state court petition is, "Are the Woden HTA contracts illegal off-exchange futures contracts and/or prohibited trade options sold in violation [of] § 6(a) and § 6c(b)?" Defendant's Response To Plaintiff's Motion To Remand And For Expedited Oral Hearing (hereinafter, "Defendant's Response"), p. 2. Doden asserts that he is not pleading federal preemption as a defense, but is instead contending that Farmers Co-op has raised a federal question on the face of its pleadings, the question of whether the contracts are illegal, which is a question of federal law. Doden contends that Farmers Co-op has attempted to plead around this federal question by failing to plead that it is a defendant in an action in federal court in Illinois where Doden asserts that the HTA contracts in question are illegal, but that Farmers Co-op has failed to bring the claims it asserts here as compulsory counterclaims in the Illinois action. Doden also contends that Farmers Co-op has attempted to plead around the federal question by failing to plead that the reason Doden "repudiated" the contracts was their illegality under the CEA. Much of Doden's resistance to remand is devoted to attempting to demonstrate that the petition establishes the federal question under the CEA, because the factual allegations of the petition and its attached exhibits purportedly demonstrate the illegality of the contracts under the CEA.

In light of Doden's resistance to remand, Farmers Co-op marshaled its forces, and filed a reply brief on October 21, 1996. In that reply, Farmers Co-op asserts that the "artful pleading" rule does not apply to its petition, because the CEA is not the gravamen of its cause of action. Farmers Co-op points out that the CEA does not apply to every executory contract involving commodities. In fact, Farmers Co-op asserts that the HTAs in question here are "cash forward contracts" that are specifically excepted from the CEA. Farmers Co-op contends that it is a grain elevator, Doden is a grain farmer,

and the HTAs all pertain to the marketing of Doden's corn and soybeans with actual delivery of the grain contemplated, although delivery is not to occur until sometime in the future. "Cash forward contracts," Farmers Co-op asserts, do not have to be traded on the commodities contract market. Farmers Co-op contends that the issue Doden asserts is central, that the HTAs are illegal off-exchange futures contracts and/or prohibited trade options sold in violation of §§ 6(a) and 6c(b), is, at most, a defense that does not suffice to establish federal removal jurisdiction. Farmers Co-op rejects the contention that it has "artfully pleaded" around any federal question. Rather, because the face of the properly pleaded complaint asserts only state-law claims, even if it is apparent that a federal defense may be raised to those claims, Farmers Co-op contends this matter must be remanded to state court.

## II. BACKGROUND

■ Because the propriety of removal or remand is to be determined on the face of the removed petition, *see, e.g., M. Nahas & Co. v. First Nat'l Bank of Hot Springs,* 930 F.2d 608, 611 (8th Cir.1991), the court has based the following factual background upon the factual allegations in Farmers Co-op's petition. The court recognizes that Doden denies the majority of the factual allegations in the petition.

Beginning in June of 1994 and continuing through April of 1996, Doden entered into a series of so-called Hedge to Arrive Contracts (HTAs) with Farmers Co-op for the marketing of Doden's corn and soybeans. These contracts reflect the marketing of 450,000 bushels of corn and 40,000 bushels of soybeans, and provide that Farmers Co-op is the buyer and Doden is the seller. They also specify the grade and type of grain, the arrival period of the grain, the destination of the grain, the quantity of grain, and the price to be paid for the grain. The contracts also provided that they could be "rolled," with a method to recalculate the price to be paid for the grain at a later delivery date outside of the delivery period of the original contracts. The HTAs had the following original delivery periods: May of 1996 for the HTAs append-

ed to the petition as Exhibits 1 through 26; July of 1996 for those appended as Exhibits 27 through 29; and August of 1996 for those appended as Exhibits 30 through 36. Farmers Co-op hedged these purchases of grain by buying "short" positions in the same quantities on the Chicago Board of Trade (CBOT). Farmers Co-op alleges that it incurred hedge losses with the unprecedented rise in corn prices in late 1995 and early 1996, believing that Doden would deliver on the HTAs.

The petition further alleges that Farmers Co-op agreed to Doden's request, made in February of 1996, that Doden be allowed to sell his 1995 corn and soybeans on the cash market at a price more advantageous to Doden than that available under the HTAs. In return, Doden allegedly agreed to pay a cash payment of all of the proceeds from the sale of Doden's 1995 corn, after payment of Doden's lien creditors, and to deliver and sell his 1996 and subsequent years' corn and soybeans to Farmers Co-op up to the total under the HTAs of 450,000 bushels of corn and 40,000 bushels of soybeans. Farmers Co-op alleges that Doden did make a payment in accordance with this agreement in May of 1996. Farmers Co-op alleges that Doden next requested that Farmers Co-op buy in the short positions on the CBOT it had taken in reliance on Doden's sales of corn and soybeans. Farmers Co-op alleges that it bought in these hedges and incurred a loss of approximately $1 million on the corn and soybeans to be delivered on the HTAs. Doden then repudiated the HTAs by certified letter from counsel.

### III. LEGAL ANALYSIS

#### A. Removal Jurisdiction

█ The federal district courts have always been courts of limited jurisdiction. *See* U.S. CONST., Art. III, § 1. "Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Management Co. v. United States,* 4 F.3d 643, 646 (8th Cir.1993) (citing *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89

L.Ed.2d 501, *reh'g denied,* 476 U.S. 1132, 106 S.Ct. 2003, 90 L.Ed.2d 682 (1986), citing in turn *Marbury v. Madison,* 1 Cranch 137 [5 U.S. 137], 2 L.Ed. 60 (1803)); *see also Neighborhood Transp. Network, Inc. v. Pena,* 42 F.3d 1169, 1171 (8th Cir.1994) (federal court jurisdiction is limited by Article III of the Constitution). A federal court therefore has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case. *Bradley v. American Postal Workers Union, AFL–CIO,* 962 F.2d 800, 802 n. 3 (8th Cir.1992) (citing *Sanders, infra* ); *Thomas v. Basham,* 931 F.2d 521, 523 (8th Cir.1991); *Jader v. Principal Mut. Life Ins. Co.,* 925 F.2d 1075, 1077 (8th Cir.1991); *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n,* 893 F.2d 968, 969 (8th Cir.1990); *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987).

█ "The parties ... may not confer subject matter jurisdiction upon the federal courts by stipulation, and lack of subject matter jurisdiction cannot be waived by the parties or ignored by the court." *Pacific Nat'l Ins. Co. v. Transport Ins. Co.,* 341 F.2d 514, 516 (8th Cir.), *cert. denied,* 381 U.S. 912, 85 S.Ct. 1536, 14 L.Ed.2d 434 (1965); *see also Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 25, 109 S.Ct. 2273, 2287, 105 L.Ed.2d 1 (1989) (Stevens, J., concurring) ("'[T]he cases are legion holding that a party may not waive a defect in subject-matter jurisdiction or invoke federal jurisdiction simply by consent," citing *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 377 n. 21, 98 S.Ct. 2396, 2404 n. 21, 57 L.Ed.2d 274 (1978); *Sosna v. Iowa,* 419 U.S. 393, 398, 95 S.Ct. 553, 556–57, 42 L.Ed.2d 532 (1975); *California v. LaRue,* 409 U.S. 109, 112 n. 3, 93 S.Ct. 390, 394 n. 3, 34 L.Ed.2d 342 (1972); *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17–18, and n. 17, 71 S.Ct. 534, 541–542, and n. 17, 95 L.Ed. 702 (1951); *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934); *Jackson v. Ashton,* 8 Pet. 148, 149 [33 U.S. 148, 149], 8 L.Ed. 898 (1834)); *Lawrence County v. South Dakota,* 668 F.2d 27, 29 (8th Cir.1982) ("[F]ederal courts operate within jurisdictional constraints and ... parties by their consent cannot confer subject matter jurisdiction upon the federal courts.").

What is most critical here, however, is the rule that "[t]he propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir.1996) (citing 28 U.S.C. § 1441(b)).

### 1. Statutory framework for removal and remand

■ Removal jurisdiction is entirely a creature of statute, and, where the requirements of the applicable removal statute have not been met, the court must remand for lack of subject matter jurisdiction. *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992); *Continental Cablevision v. U.S. Postal Serv.*, 945 F.2d 1434, 1435 (8th Cir.1991); *accord American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 16–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951) (lack of subject matter jurisdiction requires remand to the state court). The grounds and procedures for removal of a state court proceeding to federal court and for remand to state court are stated in three statutes, 28 U.S.C. §§ 1441, 1446, and 1447. *See, e.g., Liberty Mutual Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 745 (3d Cir. 1995) (Congress has enacted "a comprehensive statutory scheme for the removal of state court actions to federal court" and for remand of such actions back to state court). The statute identifying removable actions, 28 U.S.C. § 1441, states in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court *of which the district courts of the United States have original jurisdiction,* may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) *Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.* Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such actions is brought.

28 U.S.C. § 1441(a) & (b) (emphasis added); *see also Peters,* 80 F.3d at 260 ("A claim may be removed only if it could have been brought in federal court originally," citing § 1441(a) and *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986)); *M. Nahas & Co. v. First Nat'l Bank of Hot Springs,* 930 F.2d 608, 611 (8th Cir.1991) ("Removal of a state court action without regard to citizenship of the parties is appropriate if the suit could have been brought in federal district court, as founded on a claim or right arising under the Constitution, treaties or laws of the United States," quoting 28 U.S.C. § 1441(b)).

The procedure for removal is stated in 28 U.S.C. § 1446, which provides in pertinent part:

(b) The notice of removal of a civil action or proceeding *shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). After filing, a matter that was not initially removable may become removable, and the statute provides for that eventuality as follows:

If the case stated in the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 [diversity] of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

■ The procedure and grounds for a challenge to removal are stated in 28 U.S.C. § 1447:

(c) A motion to remand the case *on the basis of any defect in removal procedure* must be made within 30 days after the filing of the notice of removal under section 1446(a). *If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....*

28 U.S.C. § 1447(c). Thus, where the district court does not have original jurisdiction for want of subject matter jurisdiction, removal is improper and the case must be remanded under the terms of § 1447(c). *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 87, 111 S.Ct. 1700, 1709–10, 114 L.Ed.2d 134 (1991); *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir.1993) ("Any defect in the removal procedure, or the lack of subject matter jurisdiction, requires a remand."). However, "[a] district court has no discretion to remand a claim that states a federal question." *Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir.1996) (citing *In re City of Mobile,* 75 F.3d 605, 607 (11th Cir.1996); *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 787 (3d Cir.1995); *Burks v. Amerada Hess Corp.,* 8 F.3d 301, 304 (5th Cir.1993)).

Farmers Co-op contends that this court lacks subject matter jurisdiction, because there is no federal question under 28 U.S.C. § 1331 upon which this court's jurisdiction could be based, and the parties are not diverse. *Cf. Peters,* 80 F.3d at 260 ("Because Peters cannot establish diversity jurisdiction, *see* 28 U.S.C. § 1332(a), removal is proper only if Peters' claim raises a federal question."). Therefore, Farmers Co-op contends that this matter must be remanded pursuant to 28 U.S.C. § 1447(c).

### 2. Burden of proof

 The party seeking removal and opposing remand, Doden, has the burden of establishing federal subject matter jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *In re Business Men's Assur. Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993); *Bor–Son Bldg. Corp. v. Heller,* 572 F.2d 174, 181 n. 13 (8th Cir.1978); *accord Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994). The court's removal jurisdiction must be strictly construed. *Shamrock Oil,* 313 U.S. at 100, 61 S.Ct. at 869 (1941); *Mulcahey,* 29 F.3d at 151.[3]

---

**3.** In general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus. 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 [civil rights cases] of this title shall be reviewable by appeal or otherwise."); *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) (remand orders are unreviewable whether or not they are deemed to be erroneous by the appellate court except when the remand is based on grounds outside § 1447(c)); *In re Business Men's Assur. Co. of Am.,* 992 F.2d at 183; *Farm Credit Bank v. Finstrom,* 888 F.2d 559 (8th Cir.1989) (per curiam) (remand orders are unreviewable); *accord Carr v. American Red Cross,* 17 F.3d 671, 679 (3d Cir.1994) (citing *Thermtron* for the unreviewability of remand orders). *But see LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.,* 31 F.3d 70, 72 (2d Cir.1994) (identifying circumstances in which remand is reviewable and citing cases so holding in those circumstances). The reason such orders are not reviewable is to allow state court actions to proceed without delay if the district court remanded for lack of jurisdiction. *Linton v. Airbus Indus-*

*trie,* 30 F.3d 592, 596 (5th Cir.) (also reiterating a prior holding that absence of removal jurisdiction is an unreviewable remand for a procedural defect), *cert. denied,* —— U.S. ——, 115 S.Ct. 639, 130 L.Ed.2d 545 (1994).

However, the Eighth Circuit Court of Appeals recently observed that the broadly stated restriction on review of "[a]n order remanding a case" stated in § 1447(d) "has been construed narrowly ... and the Supreme Court has explained that only cases remanded under 28 U.S.C. § 1447(c) are subject to this nonreviewability provision." *Gaming Corp. of Am.,* 88 F.3d at 541 (citing *Quackenbush v. Allstate Ins. Co.,* —— U.S. ——, ————, 116 S.Ct. 1712, 1718, 1720–21, 135 L.Ed.2d 1 (1996)). Thus, the court of appeals found that it had the power to review a case remanded pursuant to 28 U.S.C. § 1367(c)(3). *Id.* Because *Thermtron* appeared to prevent an appeal of a remand order under the collateral order exception to the final judgment rule, prior to *Quackenbush,* the Eighth Circuit Court of Appeals had held that review of remand orders not founded on § 1447(c) should be by way of mandamus, rather than direct appeal. *Id.* at 542. However, the court of appeals found that *Quackenbush* established that the proper method of review of a remand pursuant

### 3. The "well-pleaded complaint" rule

#### a. The face of the complaint

■ Whether or not a federal court has removal jurisdiction over a matter originally filed in state court must be determined from the face of the plaintiff's well-pleaded complaint as it existed at the time of removal. *M. Nahas & Co.*, 930 F.2d at 611 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *accord United Farm Bureau Mut. Ins. Co., Inc. v. Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir.1994) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed," quoting *In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981), and also citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38, 59 S.Ct. 347, 348–49, 83 L.Ed. 334 (1939)); *Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 450 (6th Cir.1993) ("Courts, including this one, have interpreted [§ 1447(c) ] as necessarily tied to a temporal reference point, namely, the time of removal."); *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir.) ("Federal courts look only to a plaintiff's pleadings to determine removability."), *cert. denied*, 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986).

#### b. Claims versus defenses

■ Because the focus is the claims as asserted by the plaintiff, as a general rule, a party may avoid removal to federal court by alleging only state-law claims. *Gaming Corp. of Am.*, 88 F.3d at 542 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987)); *M. Nahas & Co.*, 930 F.2d at 611 ("Under the 'well-pleaded complaint' doctrine, the plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law," citing *Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. at 2429–30). The Eighth Circuit Court of Appeals has explained this general rule further:

The "well-pleaded complaint rule" requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal question jurisdiction. [*Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. at 2429–30.] A federal defense, including the defense that one or more claims are preempted by federal law, does not give the defendant the right to remove to federal court. *Id.* at 392–93, 107 S.Ct. at 2429–30.

*Gaming Corp. of Am.*, 88 F.3d at 542–43; *Reding v. FDIC*, 942 F.2d 1254, 1257 (8th Cir.1991) ("The judicially created well-pleaded complaint rule states that the basis of federal jurisdiction must appear on the face of the plaintiff's complaint and that removal to federal court is improper if federal jurisdiction is premised solely upon a plaintiff's allegation of an anticipated defense or upon a defendant's responsive pleading," citing *Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 808, 809 & n. 6, 106 S.Ct. at 3232, 3233 & n. 6); *M. Nahas & Co.*, 930 F.2d at 611 ("When plaintiff's action is properly brought under state law, the defendant is not entitled to remove simply because federal law or principles of federal preemption will provide a defense, even a complete defense, to plaintiff's state law claims."); *accord Virgin Islands Housing Auth. v. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911, 915 (3d Cir.1994) ("[T]he fact that a defense based on federal law will be raised does not create jurisdiction in the federal courts unless the case falls within that small category where the governing federal statute preempts the field and was clearly intended to support removal jurisdiction," citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67, 107 S.Ct. 1542, 1547–1548, 95 L.Ed.2d 55 (1987)); *Caudill v. Blue Cross & Blue Shield of N.C.*, 999 F.2d 74, 77 (4th Cir.1993) ("Of course, a cause of action arises under federal law only when the plaintiff's 'well-pleaded complaint' raises federal issues; federal issues interposed as a

to 28 U.S.C. § .1367(c) was by way of appeal. However, if this court remands at all, it will be pursuant to § 1447(c); therefore, the bar on reviewability found in § 1447(d) will presumably

apply. *Quackenbush*, —— U.S. at ——, ——, ——–——, 116 S.Ct. at 1712, 1718, 1720–21; *Gaming Corp. of Am.*, 88 F.3d at 541 (§ 1447(d) bars review of remands pursuant to § 1447(c)).

defense generally do not create a cause of action 'arising under' federal law," citing *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908)). Indeed, a defense based on federal law, even one anticipated in the plaintiff's complaint, cannot support removal jurisdiction " 'even if both parties admit that the defense is the only question truly at issue in the case.' " *Hurt,* 963 F.2d at 1144 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 14, 103 S.Ct. 2841, 2848–49, 77 L.Ed.2d 420 (1983)). Thus, injection of a federal question in a defense or counterclaim does not create the requisite federal ground for removal to federal court. *See, e.g., Iowa Lamb Corp. v. Kalene Indus., Inc.,* 871 F.Supp. 1149, 1156 (N.D.Iowa 1994) (rejecting counterclaims as basis for removal jurisdiction).

### c. Claims "arising under" federal law

 A federal question may be raised despite a petition founded only on state law in " 'those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' " *Peters,* 80 F.3d at 260 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2855–2856, 77 L.Ed.2d 420 (1983)). Similarly, in a recent decision, the Ninth Circuit Court of Appeals found that the appropriate test, on removal, for whether claims pleaded under state law were in fact ones "arising under" federal trademark law was a two-pronged test articulated in *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). *See Duncan v. Stuetzle,* 76 F.3d 1480, 1486 (9th Cir.1996).

Under that test (as applied to this case), federal jurisdiction extends

only to those cases in which a well-pleaded complaint establishes either that [1] federal [trademark] law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [trademark] law, in that [federal

trademark] law is a necessary element of one of the well-pleaded claims.

*Christianson,* 486 U.S. at 808–09, 108 S.Ct. at 2174 (1988) (citations omitted).

*Duncan,* 76 F.3d at 1486. Thus, a plaintiff's characterization of a claim as based solely on state law is not necessarily dispositive of whether federal question jurisdiction exists. *Peters,* 80 F.3d at 260.

 For example, the plaintiff's characterization of claims as founded on state law is insufficient to avoid removal in the case of "complete preemption." *Gaming Corp. of Am.,* 88 F.3d at 543; *Peters,* 80 F.3d at 260. Complete preemption can arise when Congress intends that a federal statute preempt a field of law so completely that state law claims are considered to be converted into federal causes of action. *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987); *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). To be completely preemptive, a statute must have "extraordinary pre-emptive power," a conclusion courts reach reluctantly. *Metropolitan Life,* 481 U.S. at 65, 107 S.Ct. at 1547. The term "complete preemption" is somewhat misleading because even when it applies, all claims are not necessarily covered.

Only those claims that fall within the preemptive scope of the particular statute, or treaty, are considered to make out federal questions, *see Metropolitan Life,* 481 U.S. at 64–66, 107 S.Ct. at 1546–48, but the presence of even one federal claim gives the defendant the right to remove the entire case to federal court. 28 U.S.C. § 1441. Complete preemption therefore has jurisdictional consequences that distinguish it from preemption asserted only as a defense. The defense of preemption can prevent a claim from proceeding, but in contrast to complete preemption it does not convert a state claim into a federal claim.

*Gaming Corp. of Am.,* 88 F.3d at 543 (considering whether the Indian Gaming Regulations Act, or IGRA, had complete preemptive

effect on numerous state-law claims by an Indian nation against its former counsel, thus making remand of those state-law claims under 28 U.S.C. § 1367(c) an abuse of discretion); *Peters*, 80 F.3d at 260 ("In certain instances, the preemptive force of a federal statute is so complete that it transforms complaints styled as ordinary common-law claims into ones stating a federal claim.... Once an area of state law has been completely preempted, any claim based on that preempted state law claim is considered, from its inception, to raise a federal claim and therefore arises under federal law," citing *Metropolitan Life Ins. Co.*, 481 U.S. at 65, 107 S.Ct. at 1547); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1242 (8th Cir.1995) (stating the same principles, but citing *Caterpillar, Inc.*, 482 U.S. at 392–93, 107 S.Ct. at 2429–30); *Hurt*, 963 F.2d at 1144 (describing "complete preemption" as an exception to the rule that removal jurisdiction must be based on the plaintiff's claim as pleaded); *DeSantiago v. Laborers Int'l Union, Local 1140*, 914 F.2d 125, 127 (8th Cir.1990) (describing the "complete preemption" rule as an "independent corollary to the well-pleaded complaint rule"). However, in this case, Doden asserts

that he is not arguing preemption at all; thus, not even complete preemption is asserted as a ground for removal.[4]

### B. Are The Claims Removable?

Although he does not argue that the CEA preempts Farmers Co-op's claims, Doden does argue that federal questions are presented on the face of Farmers Co-op's petition. Doden's argument is that Farmers Co-op's petition on its face states claims "arising under" federal law, and that Farmers Co-op has engaged in "artful pleading" to conceal the federal question. Doden claims that the federal issue that is central to Farmers Co-op's claims is, "Are the Doden HTA contracts illegal off-exchange futures contracts and/or prohibited trade options sold in violation [of] § 6(a) and § 6c(b)?" Defendant's Response, p. 2. The court agrees that this issue may be central to this lawsuit and that it is controlled by federal law. However, that agreement does not mean the court also agrees that the action has been properly removed.

### 1. Doden's federal issue

Although the illegality of the contracts upon which Farmers Co-op is suing is an

4. Indeed, Doden could not argue convincingly that the CEA has the necessary "extraordinary" preemptive force. For example, in *American Agric. Movement, Inc. v. Board of Trade of the City of Chicago*, 977 F.2d 1147 (7th Cir.1992), the Seventh Circuit Court of Appeals observed, "No one suggests that the CEA expressly preempts state law ...," and concluding that "the structure and history of the CEA indicate that the propriety of conflict preemption depends upon the particular context in which a plaintiff seeks to bring a state law action. When application of state law would directly affect trading on or the operation of a futures market, it would stand 'as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress,' *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941), and hence is preempted. When, in contrast, the application of state law would affect only the relationship between brokers and investors or other individuals involved in the market, preemption is not mandated." *American Agric. Movement v. Board of Trade*, 977 F.2d 1147, 1154 & 1156–57 (7th Cir.1992). The claims in this case appear to this court to be of the second, non-preempted variety. Courts have held that various kinds of claims either are or are not preempted by the CEA, and that certain kinds of commodities contracts either are or are not regulated under the CEA. *See, e.g., Commodity Futures Trading*

*Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 773 (9th Cir.1995) (the CEA does not regulate "cash forward" contracts), *cert. denied sub nom. Schulze v. Commodity Futures Trading Comm'n*, —— U.S. ——, 117 S.Ct. 64, 136 L.Ed.2d 26 (1996); *Salomon Forex, Inc. v. Tauber*, 8 F.3d 966, 970 (4th Cir.1993) (the purpose of the CEA was to control manipulation and speculation of futures trading, but Congress never purported to regulate various non-speculative contracts, such as "spot" transactions and "cash forward" contracts), *cert. denied*, —— U.S. ——, 114 S.Ct. 1540, 128 L.Ed.2d 192 (1994); *Marshall v. Green Giant Co.*, 942 F.2d 539 (8th Cir.1991) (the CEA did not preempt growers' state securities law claims against a vegetable processor arising out of variable-price contracts that tied the price of sweet corn to the price of field corn as reported on the CBOT where the CEA did not apply to the events at issue); *In re Bybee*, 945 F.2d 309, 313 (9th Cir.1991) (the CEA does not regulate cash forward contracts); *Blunt, Ellis & Loewi, Inc. v. Hlavinka*, 896 F.2d 240, 241 (7th Cir.) (the CEA did not preempt all state law claims, and did not preempt breach of contract or negligence claims by a commodities investor against a commodities broker, because they were outside the jurisdiction of the Commodity Futures Trading Commission), *cert. denied*, 498 U.S. 813, 111 S.Ct. 51, 112 L.Ed.2d 27 (1990).

issue in the case, and indeed an issue controlled by federal law, the illegality, voidness, or voidability of a contract is an affirmative defense to enforcement of the contracts in question. *Fees v. Mutual Fire and Auto. Ins. Co.*, 490 N.W.2d 55, 58 (Iowa 1992) (defenses to breach of contract include that the contract is void or voidable, or that admitting the facts of the adverse pleading, the defendant is entitled to avoid their legal effect, and such affirmative defenses must be pleaded and proved by the party seeking to avoid the contract); *accord McCabe/Marra Co. v. Dover*, 100 Ohio App.3d 139, 652 N.E.2d 236 (illegality or invalidity of a contract is an affirmative defense that must be pleaded and proved by the party seeking to avoid the contract), *appeal not allowed*, 72 Ohio St.3d 1529, 649 N.E.2d 839 (Ohio 1995); *Rice v. James*, 844 S.W.2d 64 (Mo.Ct.App. 1992) (illegality of a contract is an affirmative defense that must be pleaded and proved by the party seeking to avoid the contract); *MJR Corp. v. B & B Vending Co.*, 760 S.W.2d 4 (Tex.Ct.App.1988) (illegality of a contract is a defensive issue to be pleaded and proved by the defendant in a suit over breach of contract). This court's conclusion that Doden's federal issue is in fact a defensive issue has fatal consequences for this court's removal jurisdiction over this action, because it completely undermines Doden's assertion of "artful pleading" and his assertion that the claims in the case "arise under" federal law.

### 2. *"Artful pleading"*

There is a fundamental flaw in Doden's "artful pleading" argument in this case, apart from the court's conclusion that Doden's federal issue is a defense, which the court must address first. The "artful pleading" rule bars a plaintiff from concealing a necessary federal question by omitting it from the petition. *See, e.g., Franchise Tax Bd.*, 463 U.S. at 22, 103 S.Ct. at 2853 ("[I]t is an independent corollary to the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint," citing *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 376 F.2d 337, 339–40 (6th Cir. 1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20

L.Ed.2d 126 (1968)). However, the Eighth Circuit Court of Appeals appears to restrict the "artful pleading" exception to cases in which the "artful pleading" is intended to conceal "complete preemption." In *M. Nahas & Co.*, the Eighth Circuit Court of Appeals wrote,

> [T]here is an exception to the well-pleaded complaint rule: "a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded." 1A Moore's Federal Practice ¶ 0.160[3.–3], at p. 234 (1990 ed.). *This is a narrow exception, limited to federal statutes that "so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal."* Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987).

*M. Nahas & Co.*, 930 F.2d at 612 (emphasis added). Doden acknowledges that a predicate to "artful pleading" is that the applicable area of law has been preempted by federal law, citing *Lister v. Stark*, 890 F.2d 941, 943 (7th Cir.1989), *cert. denied*, 498 U.S. 1011, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990), which in turn cites *Metropolitan Life Ins. Co.*, 481 U.S. at 58, 107 S.Ct. at 1542. Again, Doden has eschewed "complete preemption" as the ground for removal jurisdiction here, so he cannot claim that "complete preemption" has been concealed by artful pleading. Furthermore, the court observed above that the CEA does not have the necessary "extraordinary" preemptive power for "complete preemption." Consequently, the predicate for an "artful pleading" argument is not present here. *Metropolitan Life Ins. Co.*, 481 U.S. at 65, 107 S.Ct. at 1547; *M. Nahas & Co.*, 930 F.2d at 612; *Lister*, 890 F.2d at 943.

However, one of Doden's "artful pleading" arguments must still be addressed. Doden places great weight on the pending case of *North Central F.S., Inc. v. Alan Brown, et al.*, No. C96–3074–MWB (N.D.Iowa), as demonstrating the proper, as opposed to "artful," pleading of the federal issue Doden finds should provide the basis for federal jurisdiction here. Doden asserts that the plaintiff in

*North Central* properly pleaded that the defendants had repudiated the contracts, because the defendants asserted that the HTAs violated the CEA ban on off-exchange commodity futures and prohibited trade options. The plaintiff sought declaratory relief to the contrary, asserting that the HTAs did not violate the CEA. Doden contends that such declaratory relief must be obtained before the HTAs can be enforced in this case.

However, Doden's argument is unpersuasive as a matter of law. The Eighth Circuit Court of Appeals has noted that

the *Declaratory Judgment Act* is not to be used to open a new portal of entry to federal court for suits that are essentially defensive or reactive to state actions. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 18 n. 20, 103 S.Ct. 927, 937 [n. 20] 74 L.Ed.2d 765 (1983); *BASF [Corp. v. Symington]*, 50 F.3d [555,] 558 [ (8th Cir.1995) ] (citing cases); *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1372–73 (9th Cir.1991); *Omaha Property [and Cas. Ins. Co. v. Johnson]*, 923 F.2d [446,] 448 [ (6th Cir. 1991) ]; *Continental Airlines [v. Goodyear Tire & Rubber Co.]*, 819 F.2d [1519,] 1524 [ (9th Cir.1987) ]; *Transamerica [Occidental Life Ins. Co. v. DiGregorio]*, 811 F.2d [1249,] 1253 [ (9th Cir.1987) ]; *Home Fed. Sav. and Loan Ass'n v. Ins. Dept. of Iowa*, 571 F.2d 423, 427 (8th Cir.1978).

More specifically, the Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action.

*Franchise Tax Bd.*, 463 U.S. at 16, 103 S.Ct. at 2849–50 (discussing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)); *BASF*, 50 F.3d at 558. In addition, the Declaratory Judgment Act is not meant to expand federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 15–16, 103 S.Ct. at 2849–50; *Home Federal*, 571 F.2d at 427 n. 17. . . . Limitations on removal may or may not be jurisdictional; but either way, the limits must be strictly construed and enforced. 14A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3732 at 527 & n. 41 (1985 & Supp.1995).

*International Ass'n of Entrepreneurs v. Angoff*, 58 F.3d 1266, 1270 (8th Cir.1995) (emphasis in the original), *cert. denied*, —— U.S. ——, 116 S.Ct. 774, 133 L.Ed.2d 726 (1996); *Three Buoys Houseboat Vacations U.S.A., Ltd. v. Morts*, 878 F.2d 1096, 1100–01 (8th Cir.1989), *cert. granted and judgment vacated on other grounds*, 497 U.S. 1020, 110 S.Ct. 3265, 111 L.Ed.2d 775 (1990) (concluding that a statute similar to the Declaratory Judgement Act, the Limitation of Liability Act, was not jurisdictional, and did not make a complaint implicating that act one arising under federal law).[5] Although federal courts "regularly consider the merits of affirmative defenses raised by declaratory plaintiffs," *BASF Corp.*, 50 F.3d at 558 (citing, *inter alia, Kelly v. Robinson*, 479 U.S. 36, 40, 107 S.Ct. 353, 355–56, 93 L.Ed.2d 216 (1986)), that does not mean that federal jurisdiction over a declaratory judgment action can be founded on a federal question that is proper-

5. The Supreme Court vacated the appellate court's decision in *Three Buoys* for reconsideration of questions of admiralty law in light of *Sisson v. Ruby*, 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990). The opinion of the Eighth Circuit Court of Appeals on remand is reported at 921 F.2d 775 (8th Cir.1990), *cert. denied*, 502 U.S. 898, 112 S.Ct. 272, 116 L.Ed.2d 224 (1991). In the opinion cited here, the Eighth Circuit Court of Appeals wrote,

In *Franchise Tax Board* the Supreme Court discussed its earlier decision in *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). The Court noted that "*Skelly Oil* has come to stand for the proposition that 'if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a

state created action, jurisdiction is lacking.' " *Franchise Tax Board*, 463 U.S. at 16, 103 S.Ct. at 2850 (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2767 (2d ed. 1983)). In *Skelly Oil*, the Court concluded that the Declaratory Judgment Act was not a jurisdictional statute and it did not extend the jurisdiction of the federal courts. 339 U.S. at 671–72, 70 S.Ct. at 878–79. The Declaratory Judgment Act was found to be procedural and did not supply a new basis for subject matter jurisdiction.

*Three Buoys*, 878 F.2d at 1100–01. This portion of the opinion was not addressed in the Supreme Court's order vacating the opinion, nor are the issues reconsidered in the subsequent appellate court decision.

ly an affirmative defense. *Franchise Tax Bd.*, 463 U.S. at 16, 103 S.Ct. at 2849–50 ("[I]f, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, 'jurisdiction is lacking.'"); *Angoff*, 58 F.3d at 1270 (citing *Franchise Tax Bd.*); *accord Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 965 (10th Cir.1996) (quoting *Franchise Tax Bd.*, 463 U.S. at 16, 103 S.Ct. at 2849–50); *Gaar v. Quirk*, 86 F.3d 451, 454 (5th Cir. 1996) ("The general rule is that a federal defense to a state law claim does not confer federal question jurisdiction.... [Thus, w]hen a declaratory judgment complaint essentially invokes a federal-law defense to a state-based claim, it is the character of the threatened state action that determines whether federal courts have jurisdiction."). The action here, and the threatened action in *North Central*, is a state-law breach of contract suit to which Doden's federal issue is an affirmative defense. *Fees*, 490 N.W.2d at 58 (illegality is an affirmative defense to a breach of contract claim); *accord McCabe/Marra Co.*, 652 N.E.2d at 236; *Rice*, 844 S.W.2d at 64; *MJR Corp.*, 760 S.W.2d at 4. Thus, the court has considerable doubt that it has subject matter jurisdiction in the *North Central* case, but has concluded definitely that the common federal issue is only a defense here, which consequently cannot establish removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392–93, 107 S.Ct. at 2429–30; *Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 808, 809 & n. 6, 106 S.Ct. at 3232, 3233 & n. 6; *Franchise Tax Bd.*, 463 U.S. at 14, 103 S.Ct. at 2848–49; *Gaming Corp. of Am.*, 88 F.3d at 542–43; *Hurt*, 963 F.2d at 1144; *Reding*, 942 F.2d at 1257; *M. Nahas & Co.*, 930 F.2d at 611.

Therefore, although Farmers Co-op omitted from its petition the federal question of the illegality of the HTAs, Farmers Co-op did not thereby conceal a necessary federal question, *see Franchise Tax Bd.*, 463 U.S. at 22, 103 S.Ct. at 2852–53 (artful pleading involves concealing or omitting a necessary

federal question), because the court knows of no rule requiring Farmers Co-op to anticipate Doden's federal defense. Furthermore, contrary to Doden's assertion, nothing requires Farmers Co-op to obtain declaratory relief on Doden's federal illegality defense prior to seeking to enforce the contracts or seeking damages for breach of the contracts under state law, even if Farmers Co-op anticipates that Doden will raise illegality of the contracts under the CEA as a defense. Rather, Doden has the burden of pleading and proving his affirmative defense of illegality. *Fees*, 490 N.W.2d at 58 (party asserting illegality of the contract in a breach of contract action must plead and prove that affirmative defense); *accord McCabe/Marra Co.*, 652 N.E.2d at 236; *Rice*, 844 S.W.2d at 64; *MJR Corp.*, 760 S.W.2d at 4.[6]

### 3. Claims "arising under" federal law

 Next, the court must consider whether Farmers Co-op's claims, although pleaded as state-law claims, nonetheless "arise under" federal law. In *Three Buoys*, the Eighth Circuit Court of Appeals observed that there is "no 'single, precise definition'" of whether a cause of action "arises under" federal law, but that "'the phrase "arising under" masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system.'" *Three Buoys*, 878 F.2d at 1100 (quoting *Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 808, 106 S.Ct. at 3232). However, in the context of whether a claim was one "arising under" federal law, the court also asserted the principle, often cited above, that "[t]here is a 'long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction,'" so that assertion of "'[a] defense that raises a federal question is inadequate to confer federal jurisdiction.'" *Id.* (again quoting *Merrell Dow*, 478 U.S. at 813 and 808, 106 S.Ct. at 3234 and 3232, respectively, with emphasis added by the

---

6. The court will not consider here the argument that Farmers Co-op was compelled to bring its present claims as compulsory counterclaims in the Illinois litigation. That question is properly addressed to the Illinois court, or some other court with subject matter jurisdiction over the claims, counterclaims, and defenses at issue.

*Three Buoys* court). Furthermore, the Ninth *Circuit Court of Appeals has explained that an adverse party's interpretation of the plaintiff's allegations will not suffice to establish that a claim pleaded under state law is really one "arising under" federal law:

> Whether the complaint states a claim "arising under" federal law must " 'be ascertained by the legal construction of [the plaintiff's] allegations, and not by the effect attributed to those allegations by the adverse party.' " *Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 460, 14 S.Ct. 654, 656, 38 L.Ed. 511 (1894) (quoting *Central R.R. v. Mills,* 113 U.S. 249, 257, 5 S.Ct. 456, 459, 28 L.Ed. 949 (1885)).

*Ultramar Am., Ltd. v. Dwelle,* 900 F.2d 1412, 1414 (9th Cir.1990).

More recently, in *Humphrey v. Sequentia, Inc.,* 58 F.3d 1238 (8th Cir.1995), the Eighth Circuit Court of Appeals has found that the Supreme Court has offered guidance on the question of whether claims "arise under" federal law for removal purposes:

> In *Gully v. First Nat'l Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936), the Supreme Court considered whether the action in dispute arose under federal law for purposes of applying 28 U.S.C. §§ 1331 and 1441 (district court's original and removal jurisdiction of actions "arising under" the Constitution, laws, or treaties of the United States). The Court explained,
>
> > How and when a case arises "under the Constitution or laws of the United States" has been much considered in the books. Some tests are well established. *To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.... The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another....* A genuine and present controversy, not merely a possible or conjectural one,

must exist with reference thereto ... and the controversy must be disclosed upon the face of the complaint; unaided by the answer or by the petition for removal.... Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.

> *Id.* at 112–13, 57 S.Ct. at 97–98 (citations omitted).

*Humphrey,* 58 F.3d at 1246 (footnote omitted; emphasis added); *accord Ultramar Am., Ltd.,* 900 F.2d at 1414 (whether a claim is one "arising under" federal law depends on whether federal law is "a necessary element of one of the well-pleaded claims," citing *Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. at 2848).

▮ In the present case, the court finds that Farmers Co-op's claims do not arise under federal law, such as the CEA, but under state contract law. Doden's federal issue, the illegality of the contracts involved, is *not* an essential element of Farmers Co-op's claim. *Humphrey,* 58 F.3d at 1246 ("To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action," quoting *Gully,* 299 U.S. at 112, 57 S.Ct. at 97). Instead, as determined above, the illegality, voidness, or voidability of a contract is an affirmative defense to enforcement of the contracts in question. *Fees,* 490 N.W.2d at 58; *accord McCabe/Marra Co.,* 652 N.E.2d at 236; *Rice,* 844 S.W.2d at 64; *MJR Corp.,* 760 S.W.2d at 4. Even though Doden has been at great pains to demonstrate that facts supporting his defense of illegality are apparent on the face of the petition, whether a claim "arises under" federal law cannot be ascertained " 'by the effect attributed to [the complaint's] allegations by the adverse party.' " *Ultramar Am., Ltd.,* 900 F.2d at 1414 (quoting *Union & Planters' Bank,* 152 U.S. at 460, 14 S.Ct. at 656, in turn quoting *Central R.R.,* 113 U.S. at 257, 5 S.Ct. at 459).[7] Federal question jurisdiction on

---

7. Indeed, Farmers Co-op's factual pleadings also support its contention that the contracts in ques-

tion specifically fall within an exception to the CEA's regulatory umbrella, because they are

removal cannot be based on a federal defense, even if that federal defense is the only matter truly at issue between the parties. *Caterpillar, Inc.*, 482 U.S. at 392–93, 107 S.Ct. at 2429–30; *Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 808, 809 & n. 6, 106 S.Ct. at 3232, 3233 & n. 6; *Franchise Tax Bd.*, 463 U.S. at 14, 103 S.Ct. at 2848–49; *Gaming Corp. of Am.*, 88 F.3d at 542–43; *Hurt*, 963 F.2d at 1144; *Reding*, 942 F.2d at 1257; *M. Nahas & Co.*, 930 F.2d at 611.

Nor can the court conclude that Farmers Co-op's claims are such that " '[t]he right or immunity' ... will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Humphrey*, 58 F.3d at 1246 (quoting *Gully*, 299 U.S. at 112, 57 S.Ct. at 97). It is not the construction or effect of the CEA that is determinative of Farmers Co-op's claims, but the construction and effect of the HTAs as either "cash forward" contracts or illegal futures contracts under the CEA that is determinative of Doden's defense of illegality of the contracts. For this further reason, this case does not involve claims "arising under" federal law.

Because a federal question is lacking, removal was improper, and this case must be remanded to state court pursuant to 28 U.S.C. § 1447(c). *International Primate Protection League*, 500 U.S. at 87, 111 S.Ct. at 1709–10 (1991); *Hurt*, 963 F.2d at 1145; *Continental Cablevision*, 945 F.2d at 1435.

### IV. CONCLUSION

The court concludes that Farmers Co-op's motion to remand this action to state court must be granted. The court finds that there is no federal question presented, because, contrary to Doden's assertions, Farmers Co-op's claims do not arise under federal law.

Instead, the federal issue Doden asserts should establish the jurisdiction of this court, the alleged illegality of the HTAs under the CEA, is a defense to Farmers Co-op's state-law contract claims. A defense such as the one asserted here, however central the federal issue it presents may be to the litigation, cannot establish federal removal jurisdiction. Thus, like Xerxes's army at the pass of Thermopylae, the army of HTA cases in which the same federal issue is asserted as grounds for removal jurisdiction may well find the gates to federal court barred.

Farmers Co-op's October 9, 1996, motion to remand and for expedited relief is **granted**. This matter is remanded to the Iowa District Court for Winnebago County pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

---

"cash forward" contracts, not illegal futures contracts. *See, e.g., Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 772–73 (9th Cir.1995) (a "cash forward" contract is one in which the parties contemplate physical transfer of the actual commodity from the original seller to the original contracting buyer, rather than a contract for mere speculation, citing *CFTC v. Co Petro Mktg. Group, Inc.*, 680 F.2d 573, 579–80 (9th Cir.1982)); *Salomon Forex, Inc. v. Tauber*, 8 F.3d 966, 975 (4th Cir. 1993) ("From the beginning the CEA has exclud-

ed cash forward transactions [from its regulations]."). Farmers Co-op alleges that it is a grain elevator, Doden is a grain farmer, and the HTAs all pertain to the marketing of Doden's corn and soybeans with actual delivery of the grain contemplated, although delivery is not to occur until sometime in the future.

