**DOUROS REALTY & CONSTRUCTION CO., a Missouri corporation, Appellant,**

v.

**KELLEY PROPERTIES, INC., a Missouri corporation, Respondent.**

**No. 57740.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 23, 1990.

Rehearing Denied Dec. 5, 1990.

Homer N. Mastorakos, Janet Elaine Papageorge, Chesterfield, for appellant.

Alene V. Haskell, St. Louis, for respondent.

CRIST, Judge.

Appellant, Douros Realty & Construction Co., appeals the granting of summary judgment in favor of respondent, Kelley Properties, Inc., on Douros' petition for breach of contract, anticipatory breach of contract, quantum meruit and declaratory judgment. The quantum meruit claim is still pending. The trial court entered an order stating there was no just reason for delay of the appeal. Rule 74.01(b). We reverse and remand.

For lack of request, the trial court did not make findings of fact and conclusions of law. The motion for summary judgment states as grounds an agreement between the parties: (1) was not enforceable because it failed to set forth essential terms; (2) if enforceable, the agreement was replaced and rescinded; and (3) in any event, the agreement was terminated.

The granting of summary judgment is a drastic remedy. We view the evidence in the light most favorable to the non-moving party and therefore afford Douros the benefit of every doubt. *Hawes v. O.K. Vacuum & Janitor Supply Co., et al.,* 762 S.W.2d 865, 867 (Mo.App.1989).

In 1983, the president of Douros began investigating a "prime" piece of real estate located at the northeast corner at

the intersection of Interstate 270 and Manchester Road (the Hoehne property) in St. Louis County. Douros entered into discussions with the owner of the property, Mr. Hoehne. Mr. Hoehne indicated he was not interested in selling the property. Douros subsequently contacted one of Mr. Hoehne's four children. Upon the death of Mr. Hoehne in the fall of 1985, Douros continued to make further contact with the four children. One of the children indicated he would entertain a contract and relay any offers submitted to the other children.

Douros had had prior discussions with respondent, Kelley Properties, about securing a location for commercial development. The president of Douros contacted the president of Kelley, with the information that he had the "finest, most outstanding, viable location in St. Louis County and it just came on the market." Douros told Kelley that he would reveal the location of the property if Kelley would sign a Registration Agreement which would require a commission be paid Douros if a sale of the property resulted. The following is the November 29, 1985, document:

REGISTRATION AND COMMISSION AGREEMENT

THIS AGREEMENT WILL SERVE TO REGISTER WITH KELLEY PROPERTIES, INC. THE LOCATION AT 11945 Lillian Manchester/I-270 being approximately 13 acres.

IN THE EVENT A DEAL IS CONSUMMATED EITHER BY OR THROUGH KELLEY PROPERTIES, INC. THEN DOUROS REALTY AND CONSTRUCTION CO. AS PROCURING AGENT SHALL BE PAID A COMMISSION EQUAL TO 10% OF THE GROSS SALES PRICE. SAID COMMISSION SHALL BE DUE AND PAYABLE AT THE CLOSING OF THE PROPERTY.

ALL INFORMATION DISCLOSED BY DOUROS REALTY AND CONSTRUCTION CO. PERTAINING TO THIS LOCATION SHALL BE MAINTAINED IN CONFIDENCE BY KELLEY PROPERTIES, INC.

DOUROS REALTY AND CONSTRUCTION CO.

By: /S/ _____

ACCEPTED
WILLIAM G. DOUROS,
PRESIDENT

DATE:     11/29/85 _____

KELLEY PROPERTIES, INC.

By: /S/ _____

ACCEPTED
JOSEPH J. KELLEY, JR.,
PRESIDENT

DATE:     11/29/85 _____

---

Also on November 29, 1985, Kelley typed a sales contract, which Douros was instructed to send to the Hoehne children. Douros and Kelley signed the November 29, 1985 sales contract. The contract indicated Seller was to pay Douros the commission. When Walter Hoehne (one of the children) received the sales contract, he questioned Douros about the reference in the sales contract regarding Seller's obligation to pay Douros a commission. Later a letter was received from Walter stating Sellers would not pay the commission on the sale. Douros gave Kelley the letter.

On January 14, 1986, Kelley prepared another sales contract and cover letter

which he instructed Douros to mail to Walter. Both Kelley and Douros signed an agreement on January 14, 1986, which provided that upon Seller's acceptance of the January 14, 1986, sales contract, for the purchase of the Hoehne property, Kelley was to pay Douros a real estate commission in the amount of $228,000 upon closing of the transaction. However, the January 14, 1986, sales contract was never accepted by Hoehne.

In early February, 1986, Kelley told Douros he had sent a friend, Brent Williams, to meet with Walter Hoehne at his residence in California. Kelley informed Douros that it would pay Douros and Williams each $50,000. A sales contract dated March 4, 1986, submitted on behalf of Kelley was ultimately accepted by the Hoehne children. On October 24, 1986, Douros filed its petition against Kelley. Summary judgment was granted in favor of Kelley. Douros appeals.

■■■ Douros contends the November 29, 1985, agreement between Kelley and Douros contains all elements of a legally enforceable contract. The essential elements of a contract are: (1) the parties are competent to contract; (2) there is a subject matter; (3) legal consideration; (4) a mutuality of agreement; and (5) a mutuality of obligation. *Wieland v. Ticor Title Ins. Co.,* 755 S.W.2d 659, 662[4] (Mo.App. 1988). Here, the parties are competent to contract and the subject matter is the Hoehne property. Consideration sufficient to support a contract may be either a detriment to the promisee or a benefit to the promisor. *Heath v. Spitzmiller,* 663 S.W.2d 351, 356 [8, 9] (Mo.App.1983). The detriment to the promisee may consist of his doing anything legally he is not bound to do. *Id.* The benefit to Kelley is Douros' revealing the name of the owner of the property; the detriment to Kelley is paying Douros ten percent of the sales price. Kelley contends that the November 29, 1985, agreement did not specify who was to pay the ten percent commission and thus, it

would not be enforceable because it is too vague. We reject this argument. Only Kelley and Douros were parties to the agreement. Further, the record reveals Kelley knew Douros did not have a listing with Mr. Hoehne or the Hoehne children to sell the Hoehne property for a commission.

■ Before there is a contract there must be apparent mutual assent of the parties to its terms and the essential terms must be certain or capable of being certain. *Randall v. Harmon,* 761 S.W.2d 278, 280[6] (Mo.App.1988). The mutual assent of the parties is expressed in the November 29, 1985, agreement. Douros agreed to disclose the location of the property and the owner's name to Kelley for possible purchase by Kelley; and if so, Kelley was to pay Douros as procuring agent ten percent of the gross sales price.

■■■ The location of the property and the owners name was disclosed by Douros to Kelley. Kelley purchased the Hoehne property in March, 1986. For one's services to be the procuring cause of the sale, it is essential that his initial efforts in calling attention to the property shall have set in motion a series of events, which, without interruption in the negotiations, eventually culminate in the sale. *Real Estate Enterprises v. Collins,* 256 S.W.2d 286, 289 [3, 4] (Mo.App.1953). Whether Douros is the procuring cause is a question for the jury. *Barnum v. Hutchens Metal Products,* 255 S.W.2d 807, 808[1–3] (Mo.1953).

There was a meeting of the minds between the parties and it was manifest by their November 29, 1985, agreement. The essential terms of the contract can be determined from the four corners of the November 29, 1985, agreement. No ambiguity exists as to any of the terms of the contract. It is a question of fact as to whether Douros was the procuring agent and as to whether the January 14, 1986, agreement supplanted or replaced the November 29, 1985, agreement. We make no finding as to whether such agreement was violative of real estate commission laws.

This determination can best be made in a trial of all issues.

The judgment is reversed and remanded.

CRANDALL, C.J., and GARY M. GAERTNER, P.J., concur.