**FARMERS CO-OPERATIVE ELEVATOR OF BUFFALO CENTER, IA**

v.

**ABELS.**

No. C96–3082–MWB.

United States District Court, N.D. Iowa.

Dec. 4, 1996.

4.

Steven C. Schoenebaum, Richard K. Updegraff, and Sean P. Moore of Brown, Winick, Graves, Gross, Baskerville, Schoenebaum & Walker, P.C., in Des Moines, Iowa, for all of the plaintiff Elevators.

Joel J. Bellows, Laurel G. Bellows, Nicholas P. Iavarone, and Christopher L. Gallinari of Bellows and Bellows in Chicago, Illinois, and by local counsel Scott G. Buchanan and Jerrold L. Handsaker of Buchanan, Bibler, Buchanan, Handsaker & Gabor in Algona, Iowa, and Douglas B. Hodgson and Richard H. Moeller of Berenstein, Moore, Moser, Berenstein & Heffernan in Sioux City, Iowa, for all of the defendant Producers.

## MEMORANDUM OPINION AND ORDER ON MOTIONS TO REMAND

### TABLE OF CONTENTS

I.    INTRODUCTION ............... 932
II.   BACKGROUND ................ 934
III.  LEGAL ANALYSIS ............. 934
    A.   Principles Of Removal Jurisdiction .................. 934
    B.   Removal Jurisdiction In These Cases ............... 938
    C.   Attorneys Fees And Costs ... 941
IV.  CONCLUSION ................ 941

BENNETT, District Judge.

These matters come before the court pursuant to the plaintiffs' motions to remand these actions to state court. The principal question before the court is whether the plaintiffs' common-law contract claims, alleging breach of so-called "hedge-to-arrive" contracts (HTAs) for the sale and purchase of grain, however pleaded, actually "arise under" the Commodity Exchange Act (CEA), 7 U.S.C. §§ 1–25. If they do not, as plaintiffs contend, this federal court may not exercise jurisdiction over the removed actions on the basis of federal questions. Many of the issues and arguments raised here have previously been considered by the court in the Memorandum Opinion And Order Regarding Plaintiff's Motion To Remand in *Farmers Co-op. Elevator v. Doden,* 946 F.Supp. 718 (N.D.Iowa 1996), in which this court remanded that action to state court for lack of a proper federal question upon which to base removal jurisdiction. In their resistances to remand in the present cases, the defendants have focused on attempts to distinguish each of the present cases from the *Doden* case. The court will therefore consider the extent to which these attempts to distinguish *Doden* have been successful and whether remand of these cases is appropriate in light of principles already set forth more fully in the *Doden* decision.

**1.** Although the parties are referred to here collectively as either the "Elevators" or the "Producers," there has been no formal consolidation of these cases. The Elevators filed separate, although largely identical, motions to remand and supporting briefs, while the Producers filed a unified resistance brief in which the cases are considered in groups, based on cases involving

## I. INTRODUCTION

Presently before the court are fifty-two lawsuits originally filed in Iowa district courts by grain elevators (Elevators) asserting claims arising from alleged breach or repudiation of contracts by the defendant grain producers (Producers).[1] The contracts involved are so-called "hedge-to-arrive" (HTA) contracts for the sale and purchase of corn and soybeans. On or about September 12, 1996, the Producers each removed the state court action against them to this federal district court, asserting that the Elevators' claims involved federally regulated commodity futures transactions. Thus, the Producers asserted that these were matters over which this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and the Commodity Exchange Act (CEA), 7 U.S.C. § 1 *et seq.,* making removal proper under 28 U.S.C. § 1441(b). However, on October 15, 1996, the Elevators moved to remand all of the actions to state court because their petitions do not seek federal relief or otherwise present a federal question.

Pursuant to the Producers' motions for consolidation, extension of time to file a resistance, and to file a resistance exceeding fifteen pages, the court held a telephonic status and scheduling conference with all counsel on October 30, 1996. At the conference, the court was advised that all counsel were aware of this court's ruling in the *Doden* case. At the conference, a briefing schedule for resistances was also established, which required that all resistances to motions to remand and accompanying briefs would be filed on or before November 7, 1996. By subsequent order, dated October 30, 1996, the court confirmed this briefing schedule and granted the Producers' motions for leave to file overlength briefs. The court, however, denied the Producers' requests for consolidation, although the court ruled that separate resistances could cross-reference

the same Elevator's contracts. For much the same reason that the Producers presented a unified resistance, convenience, the court provides this written memorandum responsive to all of the motions to remand. However, the court assures the parties that individual consideration has been given to each petition, notice of removal, motion to remand, and resistance to remand.

and incorporate by reference, rather than duplicate, other resistances or portions of briefs. The Producers complied with the spirit of this order on November 7, 1996, by filing in each case an identical, unified brief in resistance to the motion to remand that discussed in turn groups of cases involving contracts with the same Elevator.[2] No reply briefs were filed in any of the cases.[3]

The Elevators argue quite simply that all of their actions are actions for breach of contract under state law, and thus do not involve a federal question upon which the jurisdiction of this court can be invoked. They assert that any federal issue arising in this case is by way of the Producers' affirmative defenses or counterclaims that the HTA contracts in question are illegal under the Commodity Exchange Act. The Elevators also contend that, because the cases have been improvidently removed, they are entitled to an award of attorneys fees and costs associated with their motions to remand pursuant to 28 U.S.C. § 1447(c).

The Producers' arguments are more complicated. Although the Producers concede that the CEA does not preempt the entire field of commodities and commodities regulation, they argue that the CEA does preempt the question of whether the contracts in question are illegal off-exchange futures contracts and trade options. They contend that the contracts in question, on their face, raise the federal question of their legality under the CEA. The Producers also ask the court to revisit its conclusion in *Doden* that the artful pleading rule was inapplicable in the absence of complete preemption, suggesting

that such an interpretation is undercut by the court's citation of *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), for the proposition that the well-pleaded complaint rule encompasses those cases in which the plaintiff's right to relief depends on resolution of a substantial question of federal law that is a necessary element of one of a plaintiff's claims.[4] Next, the Producers assert two differences between the present cases and the *Doden* case that they assert are sufficient to distinguish *Doden*, in which the court found it lacked subject matter jurisdiction, from the present cases, in which the Producers assert subject matter jurisdiction exists. First, the Producers assert material differences in the pleadings. For example, they assert that, unlike the *Doden* plaintiff, who sought injunctive relief to require delivery of grain pursuant to the contracts, the plaintiffs here seek, not grain, but margin losses on commodity futures transactions. They also assert that allegations of contracts for the delivery of grain are missing entirely from the present cases. Furthermore, they assert that there are no allegations of repudiation of the contracts, as in *Doden*, but only allegations of "inadequate assurances." In short, they assert that the plaintiffs here have not alleged the essentials of valid cash forward contracts or breach of those contracts. Second, the Producers argue that previously filed federal actions, *Gunderson v. ADM Investor Servs.*, No. C96–3148 (N.D.Iowa) (transferred from N.D.Ill., case No. C96–3382), and *Hoover v. ADM Investor Servs.*, No. C96–3151 (N.D.Iowa) (transferred from N.D.Ill., case No. C96–3639),

2. The cases are therefore grouped by the Producers as follows: cases involving Farmers Co-operative Elevator of Buffalo Center, Iowa (Buffalo Center); those involving Farmers Co-operative Company of Ledyard, Iowa (Ledyard); Farmers Co-operative Elevator of Titonka, Iowa (Titonka); Farmers Co-operative Society of Wesley, Iowa (Wesley); Bode Co-operative of Bode, Iowa (Bode); and West Bend Elevator Company of West Bend, Iowa (West Bend).

3. All of the plaintiff Elevators are represented by counsel Steven C. Schoenebaum, Richard K. Updegraff, and Sean P. Moore of Brown, Winick, Graves, Gross, Baskerville, Schoenebaum & Walker, P.C., in Des Moines, Iowa. All of the defendant Producers are represented by counsel

Joel J. Bellows, Laurel G. Bellows, Nicholas P. Iavarone, and Christopher L. Gallinari of Bellows and Bellows in Chicago, Illinois, and by local counsel Scott G. Buchanan and Jerrold L. Handsaker of Buchanan, Bibler, Buchanan, Handsaker & Gabor in Algona, Iowa, and Douglas B. Hodgson and Richard H. Moeller of Berenstein, Moore, Moser, Berenstein & Heffernan in Sioux City, Iowa.

4. This argument plainly is based on a misapprehension of the relationship between the artful pleading rule, the well-pleaded complaint rule, and the "arising under" test for federal question jurisdiction. However, the court will address that misapprehension in the proper place.

which involve the plaintiffs and defendants in these actions, are pending before this court, and thus the present claims by the Elevators are mandatory counterclaims in actions properly in federal court. The remainder of the Producers' resistance to remand is devoted to pointing out elements of the HTA contracts the Producers contend demonstrate that the HTAs cannot be valid cash forward contracts, and thus must be illegal under the CEA. The Producers have from time to time submitted as supplements to their resistance copies of complaints before the Commodity Futures Trading Commission in which similar HTAs are alleged to be illegal contracts under the CEA.

The parties have not requested oral arguments and the court does not find such arguments to be necessary. Therefore, the court turns to the factual background pertinent to these motions to remand.

## II. BACKGROUND

Because the propriety of removal or remand is to be determined on the face of the removed petition, *see, e.g., M. Nahas & Co. v. First Nat'l Bank of Hot Springs,* 930 F.2d 608, 611 (8th Cir.1991), the court has based the following factual background upon the factual allegations in the Elevators' petitions. The court recognizes that the Producers deny many of the factual allegations in the petitions.

In their petitions, the Elevators allege that they are cooperatives of farmer members that pool their purchasing and marketing power and that the Producers are each producers of grain. *See* Petitions, ¶¶ 1 & 2. The Elevators allege that the Producers entered into so-called "hedge-to-arrive" or "flex-hedge" contracts with the Elevators in which the Producers "agreed to deliver grain to the [Elevator] at a price to be determined under the terms of the contracts." *Id.* at ¶ 3. The HTAs are alleged to be a mechanism by which the Producers could be protected against future price decreases and could obtain the benefits of narrowing the "basis," that is, the difference between the price on the Chicago Board of Trade (CBOT) and the local cash price for a particular delivery period, between the date of execution of the HTA

and the date the grain was actually delivered. *Id.* at ¶ 4.

The petitions each allege that, in reliance upon the HTAs, the Elevators purchased "short" positions on the CBOT to hedge their obligations to acquire the Producers' grain at the price determined in the HTA. *Id.* at ¶ 5. A "short" position is alleged to be a contract that obligates the purchaser to deliver grain at a stated price on a stated date. *Id.* The Elevators allege that they have complied with the terms of the HTAs in all respects. *Id.*

The Elevators each allege that they have paid margin calls, ranging from thousands to millions of dollars, to maintain their "short" positions on the CBOT, anticipating recoupment of these sums from delivery of grain from the Producers under the HTAs. *Id.* at ¶ 6. The Elevators further allege in their petitions that they demanded assurances from the Producers of their ability to deliver the grain as provided in their HTAs, but that the Producers failed to give adequate assurances. *Id.* at ¶ 7. The Elevators allege that this failure to give adequate assurances of delivery of grain is a repudiation by the Producers of their obligations under the HTAs in question, *id.* at ¶ 8, and that, as a direct and proximate result of the Producers' repudiation of the HTAs, each of the Elevators has sustained damages in the amount of the margin calls it has paid. *Id.* at ¶ 9. Each of the Elevators therefore prays for judgment against the Producer in question in "an amount to be determined by the trier of fact," and such further relief as the court deems appropriate. *Id.* at Prayer. The HTAs that were allegedly repudiated and breached are appended to each of the petitions.

## III. LEGAL ANALYSIS

### A. Principles Of Removal Jurisdiction

The court provided an extensive discussion of the principles of removal and remand in the *Doden* decision. *See Doden,* 946 F.Supp. at 724–30. The court will therefore here provide only a review of the most salient features of that discussion. The federal district courts have always been courts of limit-

ed jurisdiction. *See* U.S. Const., Art. III, § 1. Consequently, "[t]he parties ... may not confer subject matter jurisdiction upon the federal courts by stipulation, and lack of subject matter jurisdiction cannot be waived by the parties or ignored by the court." *Pacific Nat'l Ins. Co. v. Transport Ins. Co.,* 341 F.2d 514, 516 (8th Cir.), *cert. denied,* 381 U.S. 912, 85 S.Ct. 1536, 14 L.Ed.2d 434 (1965). For the purposes of the present discussion, the import of this rule is that "[t]he propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." *Peters v. Union Pac. R. Co.,* 80 F.3d 257, 260 (8th Cir.1996) (citing 28 U.S.C. § 1441(b)).

Under the statutes governing the court's removal jurisdiction, the court may exercise removal jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), or "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b); *see also Peters,* 80 F.3d at 260 ("A claim may be removed only if it could have been brought in federal court originally," citing § 1441(a) and *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986)); *M. Nahas & Co. v. First Nat'l Bank of Hot Springs,* 930 F.2d 608, 611 (8th Cir. 1991) ("Removal of a state court action without regard to citizenship of the parties is appropriate if the suit could have been brought in federal district court, as "founded on a claim or right arising under the Constitution, treaties or laws of the United States," quoting 28 U.S.C. § 1441(b)"). Where the district court does not have original jurisdiction for want of subject matter jurisdiction, removal is improper and the case must be remanded under the terms of 28 U.S.C. § 1447(c). *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 87, 111 S.Ct. 1700, 1709, 114 L.Ed.2d 134 (1991); *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir. 1993) ("Any defect in the removal procedure, or the lack of subject matter jurisdiction,

requires a remand."). However, "[a] district court has no discretion to remand a claim that states a federal question." *Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir.1996) (citing *In re City of Mobile,* 75 F.3d 605, 607 (11th Cir.1996); *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 787 (3d Cir.1995); *Burks v. Amerada Hess Corp.,* 8 F.3d 301, 304 (5th Cir. 1993)).

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *In re Business Men's Assur. Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993); *Bor-Son Bldg. Corp. v. Heller,* 572 F.2d 174, 181 n. 13 (8th Cir.1978); *accord Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994). Thus, the Producers bear that burden here. The court's removal jurisdiction must be strictly construed. *Shamrock Oil,* 313 U.S. at 100, 61 S.Ct. at 868 (1941); *Mulcahey,* 29 F.3d at 151.

Whether or not a federal court has removal jurisdiction over a matter originally filed in state court must be determined from the face of the plaintiff's well-pleaded complaint as it existed at the time of removal. *See, e.g., M. Nahas & Co.,* 930 F.2d at 611 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Thus, as a general rule, a party may avoid removal to federal court by alleging only state-law claims. *Gaming Corp. of Am.,* 88 F.3d at 542 (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987)); *M. Nahas & Co.,* 930 F.2d at 611 ("Under the 'well-pleaded complaint' doctrine, the plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law," citing *Caterpillar, Inc.,* 482 U.S. at 392, 107 S.Ct. at 2429). However, the "artful pleading" rule bars a plaintiff from concealing a necessary federal question by omitting it from the petition. *See, e.g., Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S.

1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) ("[I]t is an independent corollary to the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint," citing *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 376 F.2d 337, 339–40 (6th Cir.1967), *aff'd,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)).

■ More importantly, "[t]he 'well-pleaded complaint rule' requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal question jurisdiction. A federal defense, including the defense that one or more claims are preempted by federal law, does not give the defendant the right to remove to federal court." *Gaming Corp. of Am.,* 88 F.3d at 542–43 (citations omitted); *Reding v. FDIC,* 942 F.2d 1254, 1257 (8th Cir.1991) ("The judicially created well-pleaded complaint rule states that the basis of federal jurisdiction must appear on the face of the plaintiff's complaint and that removal to federal court is improper if federal jurisdiction is premised solely upon a plaintiff's allegation of an anticipated defense or upon a defendant's responsive pleading," citing *Merrell Dow Pharmaceuticals, Inc.,* 478 U.S. at 808, 809 & n. 6, 106 S.Ct. at 3232, 3233 & n. 6); *M. Nahas & Co.,* 930 F.2d at 611 ("When plaintiff's action is properly brought under state law, the defendant is not entitled to remove simply because federal law or principles of federal preemption will provide a defense, even a complete defense, to plaintiff's state law claims."). Indeed, a defense based on federal law, even one anticipated in the plaintiff's complaint, cannot support removal jurisdiction " 'even if both parties admit that the defense is the only question truly at issue in the case.' " *Hurt v. Dow Chem. Co.,* 963 F.2d 1142, 1144 (8th Cir.1992) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983)). Thus, injection of a federal question in a defense or counterclaim does not create the requisite federal ground for removal to federal court. *See, e.g., Iowa Lamb Corp. v. Kalene Indus., Inc.,* 871 F.Supp. 1149, 1156 (N.D.Iowa 1994) (rejecting counterclaims as basis for removal jurisdiction).

■ A federal question may be raised despite a petition founded only on state law in " 'those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' " *Peters,* 80 F.3d at 260 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983)). Thus, even in the absence of "artful pleading," a plaintiff's characterization of a claim as based solely on state law is not necessarily dispositive of whether federal question jurisdiction exists. *Peters,* 80 F.3d at 260. In *Doden,* this court cited a recent decision of the Ninth Circuit Court of Appeals that articulated a test of whether a claim is one "arising under" federal law, *Duncan v. Stuetzle,* 76 F.3d 1480, 1486 (9th Cir.1996), in which the court of appeals had in turn based its test on a two-pronged test articulated in *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). *Doden,* 946 F.Supp. at 728. Under the *Christianson* test, jurisdiction is proper only where a well-pleaded complaint establishes either that (1) federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims. *Id.* (citing *Duncan,* 76 F.3d at 1486, which in turn quotes *Christianson,* 486 U.S. at 808–09, 108 S.Ct. at 2173–74).

■ The Producers seem to assert that this test of whether a claim is one "arising under" federal law is an alternative formulation of the "artful pleading" rule upon which the defendant in *Doden* had relied, because the Producers contend that the *Christianson* test undercuts this court's reading of Eighth Circuit precedent as holding that the "artful pleading" rule applies only to cases of complete preemption of the state claim by federal law. *See Doden,* 946 F.Supp. at 730 (finding that the predicate for an "artful pleading" argument, complete preemption,

was not present). This court cited *M. Nahas & Co.*, 930 F.2d at 612, for the proposition that complete preemption is a predicate to an artful pleading argument. *Id.* at 730. In *M. Nahas & Co.*, the Eighth Circuit Court of Appeals wrote,

> [T]here is an exception to the well-pleaded complaint rule: "a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded." 1A Moore's Federal Practice ¶ 0.160[3.–3], at p. 234 (1990 ed.). *This is a narrow exception, limited to federal statutes that "so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal."* Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987).

*M. Nahas & Co.*, 930 F.2d at 612 (emphasis added).

This court sees no reason to retreat from its reading of *M. Nahas.* First, to do so would be to ignore at this court's peril the plain language of controlling precedent from this circuit's court of appeals. Second, the artful pleading rule contemplates that the claim has not been "well-pleaded" specifically because it omits the federal question. *Id.* (formulating the "artful pleading" rule as "a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared *if the complaint had been well pleaded,*" quoting 1A Moore's Federal Practice ¶ 0.160[3.–3], at p. 234 (1990 ed.), with emphasis added by this court). By contrast, the *Christianson* test for whether a claim is one "arising under" federal law is applied to a *well-pleaded* complaint. *See Christianson*, 486 U.S. at 808–09, 108 S.Ct. at 2173–74 (stating that jurisdiction extends "only to those cases *in which a well-pleaded complaint establishes* either that [1] federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that [federal] law is a necessary element of one of the well-pleaded claims," with emphasis added by this court).

To clarify matters, a complaint that omits to plead a federal question that completely preempts the state claim is *not* a well-pleaded complaint, but is instead an artfully pleaded complaint. *M. Nahas & Co.*, 930 F.2d at 612. Such an artfully pleaded complaint cannot preclude removal. *Id.; see also Franchise Tax Bd.*, 463 U.S. at 22, 103 S.Ct. at 2853. A *well-pleaded* complaint, that is, one that does not omit a completely preempting federal question, may nonetheless present a federal question over which removal jurisdiction may be exercised *if* it meets either prong of the *Christianson* test. *Christianson*, 486 U.S. at 808–09, 108 S.Ct. at 2173–74. Where the "artful pleading" rule applies, the *Christianson* test is not applicable. Where the "artful pleading" rule does not apply, however, the *Christianson* test may yet establish that the matter is removable, because the claim may be found to be one that "arises under" federal law. Although the "artful pleading" rule and the "arising under" rule are both exceptions to the plaintiff's characterization of a claim as not presenting a federal question, they are completely independent of each other.

Only two more matters need be reiterated here. First, the Eighth Circuit Court of Appeals recently provided guidance on the question of whether a claim "arises under" federal law for removal purposes in *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir.1995). The court quoted the following from the Supreme Court's venerable decision in *Gully v. First Nat'l Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936):

> The Court explained,
>
> > How and when a case arises "under the Constitution or laws of the United States" has been much considered in the books. Some tests are well established. *To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.... The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.... A*

genuine and present controversy, not merely a possible or conjectural one, must exist·with reference thereto ... and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.... Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.

[*Gully,* 299 U.S.] at 112–13, 57 S.Ct. at 97–98 (citations omitted).

*Humphrey,* 58 F.3d at 1246 (footnote omitted; emphasis added). Second, the Ninth Circuit Court of Appeals has explained that an adverse party's interpretation of the plaintiff's allegations will not suffice to establish that a claim pleaded under state law is really one "arising under" federal law:

Whether the complaint states a claim "arising under" federal law must " 'be ascertained by the legal construction of [the plaintiff's] allegations, and not by the effect attributed to those allegations by the adverse party.' " *Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 460, 14 S.Ct. 654, 656, 38 L.Ed. 511 (1894) (quoting *Central R.R. v. Mills,* 113 U.S. 249, 257, 5 S.Ct. 456, 459, 28 L.Ed. 949 (1885)).

*Ultramar Am., Ltd. v. Dwelle,* 900 F.2d 1412, 1414 (9th Cir.1990).

## B. Removal Jurisdiction In These Cases

In light of the principles discussed above, the Producers' arguments that this court has subject matter jurisdiction over the Elevators' claims, and hence may exercise that jurisdiction upon removal, are unpersuasive. The Producers first contend that the CEA preempts the question of whether the contracts in question are illegal off-exchange futures contracts and trade options and that the contracts in question, on their face, raise the federal question of their legality under the CEA. The court concludes, however, that this argument does no more than establish that federal law governs the Producers' *defense* to the Elevators' state-law claims for breach of contract. As this court observed in *Doden,*

Although the illegality of the contracts upon which [the elevator] is suing is an issue in the case, and indeed an issue controlled by federal law, the illegality, voidness, or voidability of a contract is an affirmative defense to enforcement of the contracts in question. *Fees v. Mutual Fire and Auto. Ins. Co.,* 490 N.W.2d 55, 58 (Iowa 1992) (defenses to breach of contract include that the contract is void or voidable, or that admitting the facts of the adverse pleading, the defendant is entitled to avoid their legal effect, and such affirmative defenses must be pleaded and proved by the party seeking to avoid the contract); *accord McCabe/Marra Co. v. Dover* [100 Ohio App.3d 139], 652 N.E.2d 236 (Ohio Ct.App.) (illegality or invalidity of a contract is an affirmative defense that must be pleaded and proved by the party seeking to avoid the contract), *appeal not allowed,* [72 Ohio St.3d 1529], 649 N.E.2d 839 (Ohio 1995); *Rice v. James,* 844 S.W.2d 64 (Mo.Ct.App.1992) (illegality of a contract is an affirmative defense that must be pleaded and proved by the party seeking to avoid the contract); *MJR Corp. v. B & B Vending Co.,* 760 S.W.2d 4 (Tex. Ct.App.1988) ·(illegality of a contract is a defensive issue to be pleaded and proved by the defendant in a suit over breach of contract).

*Doden,* 946 F.Supp. at 729–30. Again, as this court stated in *Doden,* "This court's conclusion that [the Producers'] federal issue is in fact a defensive issue has fatal consequences for this court's removal jurisdiction over th[ese] actions." *Id.* A defense based on federal law, even one anticipated in the plaintiff's complaint, cannot support removal jurisdiction " 'even if both parties admit that the defense is the only question truly at issue in the case.' " *Hurt,* 963 F.2d at 1144 (quoting *Franchise Tax Bd.,* 463 U.S. at 14, 103 S.Ct. at 2848). Injection of a federal question in a defense or counterclaim does not create the requisite federal ground for removal to federal court. *See, e.g., Iowa Lamb Corp.,* 871 F.Supp. at 1156 (rejecting counterclaims as a basis for removal jurisdiction).

To put it another way, the Elevators' claims do not "arise under" the CEA. Again

as in *Doden,* 946 F.Supp. at 733, the Producers' federal issue, the illegality of the contracts involved, is *not* an essential element of the Elevators' claims. *Humphrey,* 58 F.3d at 1246 ("To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action," quoting *Gully,* 299 U.S. at 112, 57 S.Ct. at 97). Instead, as determined above, the illegality, voidness, or voidability of a contract is an affirmative defense to enforcement of the contracts in question. *Fees,* 490 N.W.2d at 58; *accord McCabe/Marra Co.,* 652 N.E.2d at 236; *Rice,* 844 S.W.2d at 64; *MJR Corp.,* 760 S.W.2d at 4. Nor can the court conclude that the Elevators' claims are such that " '[t]he right or immunity ... will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Humphrey,* 58 F.3d at 1246 (quoting *Gully,* 299 U.S. at 112, 57 S.Ct. at 97). It is not the construction or effect of the CEA that is determinative of the Elevators' claims, but the construction and effect of the HTAs as either "cash forward" contracts or illegal futures contracts under the CEA that is determinative of the Producers' defense of illegality of the contracts. For these reasons, this case does not involve claims "arising under" federal law.

Nor do the Producers' assertions of differences between the present cases and the *Doden* case demonstrate that the court has subject matter jurisdiction over the present cases. As to assertions of material differences in the pleadings, the court cannot find that there is a material difference between the relief sought here and the relief sought in *Doden.* Although the plaintiff in *Doden* sought injunctive relief to require delivery of grain pursuant to the contracts, while the plaintiffs here seek, not grain, but margin losses on commodity futures transactions, the relief sought in each case is still relief *for breach of contract,* a state-law claim. *See, e.g., City of Dubuque v. Iowa Trust,* 519 N.W.2d 786 (Iowa 1994) (consequential damages that are foreseeable are recoverable upon proof of breach of contract); *Berryhill v. Hatt,* 428 N.W.2d 647, 657–58 (Iowa 1988) (specific performance is an equitable remedy for breach of contract and there is nothing inherently inconsistent between legal remedies for breach of contract, such as damages, and specific performance, although the remedies are not necessarily alternative); *Potter v. Oster,* 426 N.W.2d 148, 150–51 (Iowa 1988) ("Remedies for breach of contract may be 'specific,' that is, providing the injured party with the promised performance, or 'substitutional,' giving the promisee something in substitution for the promised performance," such as damages). Indeed, damages, rather than specific performance, may be the more common relief for breach of contract. *See Berryhill,* 428 N.W.2d at 657 (specific performance is available when the contract involves property that is unique, and real estate, but not other property, is assumed to be unique). The Elevators have alleged here that the margin losses for which they seek recompense in damages were proximately caused by the Producers' breach of contract. Petition, ¶ 9. Furthermore, the court cannot see how the difference in the relief requested, if otherwise material, would be material to the question of the court's subject matter jurisdiction. If the Producers are asserting that the difference is material, because requesting damages for margin losses somehow suggests that the contracts in question are illegal futures contracts, rather than cash forward contracts for actual delivery of grain, such an inference from the relief claimed would do no more than support a *defense,* which, once again, cannot be the basis for subject matter jurisdiction.

Next, the Producers contend that there are material differences between the petition in these cases and the petition in *Doden,* because, in these cases, allegations supporting a contention that the contracts are for the delivery of grain are entirely missing. *See Doden,* 946 F.Supp. at 734 n. 7 (finding that the elevator's factual pleadings supported its contention that the contracts in question were cash forward contracts, not illegal futures contracts). Furthermore, they assert that there are no allegations of repudiation of the contracts, as in *Doden,* but only allegations of "inadequate assurances." In short, they assert that the plaintiffs here have not alleged the essentials of valid cash

forward contracts or breach of those contracts. These contentions are without merit.

First, allegations of the elements of valid cash forward contracts are present in the petitions. In paragraphs 1–3 of each petition, the Elevators do allege that they are the buyers of the grain from the Producers, the original sellers, and that delivery of the actual grain is contemplated. *See, e.g., Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.,* 67 F.3d 766, 772–73 (9th Cir.1995) (a "cash forward" contract is one in which the parties contemplate physical transfer of the actual commodity from the original seller to the original contracting buyer, rather than a contract for mere speculation, citing *CFTC v. Co Petro Mktg. Group, Inc.,* 680 F.2d 573, 579–80 (9th Cir.1982)), *cert. denied sub nom. Schulze v. Commodity Futures Trading Comm'n,* —— U.S. ——, 117 S.Ct. 64, 136 L.Ed.2d 26 (1996). Specifically, the Elevators allege that the Producers entered into contracts with the Elevators in which the Producers "agreed to deliver grain to the [Elevator] at a price to be determined under the terms of the contracts." Petitions at ¶ 3.

Furthermore, the Elevators have specifically alleged repudiation, and hence breach, of the HTAs by each of the Producers. The Elevators allege in their petitions that they demanded assurances from the Producers of their ability to deliver the grain as provided in their HTAs, but that the Producers failed to give adequate assurances. *Id.* at ¶ 7. The Elevators allege that this failure to give adequate assurances of delivery of grain is a repudiation by the Producers of their obligations under the HTAs in question, *id.* at ¶ 8, and that, as a direct and proximate result of the Producers' repudiation of the HTAs, each of the Elevators has sustained damages in the amount of the margin calls it has paid. *Id.* at ¶ 9.

These contentions concerning the allegations of the petitions and what the face of the contracts show, to which much of the Producers' resistance is devoted, simply do not support their contention that the court has subject matter jurisdiction. As the Ninth Circuit Court of Appeals wrote in *Ultramar,* "Whether the complaint states a claim 'arising under' federal law must ' "be ascertained by the legal construction of [the plaintiff's] allegations, and not by the effect attributed to those allegations by the adverse party." ' " *Ultramar,* 900 F.2d at 1414 (quoting *Union & Planters' Bank,* 152 U.S. at 460, 14 S.Ct. at 656, in turn quoting *Mills,* 113 U.S. at 257, 5 S.Ct. at 459).

Nor is the court persuaded by arguments that other tribunals have exercised jurisdiction over related claims. The Producers have from time to time submitted as supplements to their resistance copies of complaints before the Commodity Futures Trading Commission in which similar HTAs are alleged to be illegal contracts under the CEA. The CFTC's jurisdiction to police illegal futures contracts cannot be translated into this court's jurisdiction over breach of contract actions, because the defendants raise a defense of illegality of the contracts under the CEA. A defense based on federal law cannot support removal jurisdiction " 'even if both parties admit that the defense is the only question truly at issue in the case.' " *Hurt,* 963 F.2d at 1144 (quoting *Franchise Tax Bd.,* 463 U.S. at 14, 103 S.Ct. at 2848). Nor can an assertion that the present claims are mandatory counterclaims to other actions properly in federal court, the *Gunderson* and *Hoover* cases, establish the jurisdiction of the court over these independent state-law actions. The present claims are not asserted as counterclaims in an action over which the court has jurisdiction. Thus, they must stand on their own jurisdictional basis. *See* 28 U.S.C. § 1441(a) (the court may exercise removal jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction") & (b) (the court may exercise removal jurisdiction over "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States"). The claims asserted here lack such a basis.[5]

---

5. Whether these actions should be enjoined, because they are mandatory counterclaims that should have been asserted in the *Gunderson* or *Hoover* actions, is not a question now before this court in these cases.

Because a federal question is lacking, removal was improper, and these cases must be remanded to state court pursuant to 28 U.S.C. § 1447(c). *International Primate Protection League*, 500 U.S. at 87, 111 S.Ct. at 1709 (1991); *Hurt*, 963 F.2d at 1145; *Continental Cablevision v. U.S. Postal Serv.*, 945 F.2d 1434, 1435 (8th Cir.1991).

### C. Attorneys Fees And Costs

■ In the Judicial Improvements and Access to Justice Act of 1988, Congress greatly expanded the discretion afforded to federal district courts to award costs and attorneys' fees pursuant to 28 U.S.C. §§ 1446 and 1447 where an action has been improperly removed to a federal court. The amended version of § 1447(c) provides, in part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts have held that " '[a]n award of attorney's fees is inappropriate ... where the defendant's attempt to remove the action was fairly supportable and where there has been no showing of bad faith.' " *Lathigra v. British Airways, PLC,* 41 F.3d 535, 540 (9th Cir.1994) (quoting *Schmitt v. Insurance Co. of N. Am.,* 845 F.2d 1546, 1552 (9th Cir. 1988)); *and compare Daleske v. Fairfield Communities, Inc.,* 17 F.3d 321, 324 (10th Cir.) ("[I]f the district court had refused to award fees [under § 1447(c) ] in the absence of evidence of bad faith, it would have employed an incorrect legal standard," because the 1988 amendments "negate[d] any requirement that the removal be in bad faith before fees can be awarded"; however, the district properly refused to award fees when it made express findings that there had been a fair basis for removing the case and that the defendant acted in good faith), *cert. denied,* 511 U.S. 1082, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994). In this case, the court finds that the Producers' removal of these actions was based on a fairly supportable, if ultimately unpersuasive, argument and that the Producers acted in good faith. Therefore, the court declines, in its discretion, to award any attorneys fees or costs to the Elevators pursuant to 28 U.S.C. § 1447(c) for seeking the remand of these actions.

### IV. CONCLUSION

The court concludes that all of these actions must be remanded to the Iowa district courts from which they were removed owing to the lack of a federal question upon which to invoke federal jurisdiction. Contrary to the defendant Producers' assertions, these actions do not arise under federal law. Instead, the federal issue the Producers assert should establish the jurisdiction of this court, the alleged illegality of the HTAs under the CEA, is a defense to the Elevators' state-law contract claims. As this court concluded in *Doden,* a defense such as the one asserted here, however central the federal issue it presents may be to the litigation, cannot establish federal removal jurisdiction. *Doden,* 946 F.Supp. at 734.

The Elevators' motions to remand these actions to the Iowa District Courts in which they originated is **granted.** However, the Elevators' requests for costs and attorneys fees incurred in seeking remands of these actions to state court are **denied.**

**IT IS SO ORDERED.**